### 39108. BRAWNER v. THE STATE.

MARSHALL, Justice.

Ronnie L. Brawner appeals from his convictions of attempted burglary and possession of tools for the commission of a crime.

1. The convictions were authorized by evidence that two deputy sheriffs, who followed the appellant in his automobile into the parking lot of a closed service station at between 2:00 and 3:00 a.m., observed the appellant carry a tire tool over to the locked and well lighted door of the station; that with this tool, he attempted to pry the door open, causing the burglar alarm to sound; that the tire tool, which was found underneath the appellant's automobile when he was arrested, had been used recently, as indicated by a fresh chip thereon; that fresh marks on the door of the service station matched the end of the tire tool; that the restroom, which the appellant testified he was attempting to use, was located on the opposite side of the building; and that neither the station manager nor the supervisor of all of that particular company's service stations in Bartow County had given the appellant permission to enter this building.

2. The appellant contends that the trial judge, in imposing sentence and in refusing to give probation, erred in considering his prior juvenile adjudications — including offenses of burglary, theft, controlled substances, and alcohol — absent an affirmative showing by the state that he had been represented by counsel in the juvenile-court proceedings. A defendant in a misdemeanor *criminal* prosecution is entitled to counsel only where the defendant is sentenced to actual imprisonment. Argersinger v. Hamlin, 407 U. S. 25 (92 SC 2006, 32 LE2d 530) (1972); Scott v. Illinois, 440 U. S. 367 (99 SC 1158, 59 LE2d 383) (1979); *Houser v. State,* 234 Ga. 209 (214 SE2d 893) (1975); *Stillwell v. State,* 161 Ga. App. 230, 231 (288 SE2d 295) (1982). The prior adjudications here considered were not criminal, but were juvenile-court adjudications, in which no imprisonment was imposed. Hence, the state had no burden of showing that the appellant was represented by counsel in such proceedings, as it does in criminal proceedings. Cf., *Griffin v. State,* 142 Ga. App. 362, 364 (4) (235 SE2d 724) (1977); *Dent v. State,* 136 Ga. App. 366, 369 (7) (221 SE2d 228) (1975), cited by the appellant.

The appellant further contends that, to the extent that Code Ann. § 24A-2401 (Ga. L. 1971, pp. 709, 736) and § 27-2709 (Ga. L.

1980, pp. 1136, 1137) authorize the sentencing judge to consider the juvenile record of the defendant as to sentence after conviction of a felony, these statutes are unconstitutional and contrary to due process and equal protection under the U. S. and Georgia Constitutions. As the sole authority, the appellant cites *Jones v. State,* 129 Ga. App. 623 (200 SE2d 487) (1973). However, *Jones* held in Division 2 that "it is clear that Code Ann. §§ 27-2709 and 24A-2401, construed in *pari materia* as they must be, clearly authorized the use of the record in dispositional proceedings after conviction of a felony for the purposes of a presentence investigation and report." We held in *Munsford v. State,* 235 Ga. 38, 45 (218 SE2d 792) (1975), that, although a presentence report (which contained juvenile-court adjudications) cannot be used in fixing the *length* of the sentence, it can be used to aid the trial judge in determining *whether* to suspend or probate a sentence. See also *McDuffie v. Jones,* 248 Ga. 544, 549 (3) (283 SE2d 601) (1981). The appellant has cited no authority holding that it would be unconstitutional to use juvenile-court adjudications to determine whether a subsequent felony conviction should be probated. We can see nothing unconstitutional in such a practice, therefore we reject his argument.

Furthermore, the record shows that the trial judge asked defense counsel if he would like to have the probation department run a presentence investigation and obtain "all previous record *as to juvenile and otherwise,*" to which counsel agreed and raised no objection at trial. Therefore, even if there was error, it was impermissible induced error. Cf., *Gary v. State,* 158 Ga. App. 327 (2) (280 SE2d 378) (1981).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 27, 1982.

*Ben Lancaster,* for appellant.
*Darrell E. Wilson, District Attorney, David P. Soulis, Assistant District Attorney,* for appellee.