## 72345. DOTSON v. THE STATE.
### (345 SE2d 871)

Banke, Chief Judge.

Dotson appeals his conviction of driving while under the influence of alcohol, in violation of OCGA § 40-6-391 (a) (1). *Held*:

1. Appellant enumerates as error the denial of his motion in limine and subsequent admission into evidence of the results of a police administered intoximeter (breath) test. He claims that, although OCGA § 40-6-392 (a) (5) provides for chemical analysis of a DUI suspect's blood to determine the amount of alcohol therein, in the absence of a statutory provision correlating breath-alcohol concentration to intoxication, the state should be barred from introducing the results of a breath test at trial. We disagree.

The results of a breath test are admissible in a criminal proceeding for driving under the influence of alcohol if the test is performed in accordance with the specific statutory guidelines of OCGA § 40-6-392 (a) (1). *State v. Johnson*, 160 Ga. App. 71, 72 (286 SE2d 47) (1981), aff'd 249 Ga. 413 (291 SE2d 543) (1982). The statute requires the state to lay a specific foundation for the admissibility of the test results. *Sanders v. State*, 176 Ga. App. 869 (1) (338 SE2d 5) (1985); *State v. Allen*, 165 Ga. App. 584 (300 SE2d 337) (1983); *Arnold v. State*, 163 Ga. App. 94 (1) (292 SE2d 891) (1982).

We conclude that the statutory requirements were satisfied in the present case. The record reflects that the officer who conducted the test was certified to operate the intoximeter machine; that she followed the steps required to obtain a correct result; that the machine was operating normally and had been inspected as required; and that the results, showing a blood-alcohol content of 0.16 grams percent, were properly recorded in the log book maintained by the examiner. "The defendant's challenge to the reliability of the test results did not affect their admissibility under these circumstances but went merely to the weight to be placed on them by the jury." *Sanders*, supra at 870.

2. Appellant further contends that the trial court erroneously charged the jury on the provisions of OCGA § 40-6-392 (b) (1), (2) and (3). The basis for this contention is that the intoximeter operator testified that she did not understand the scientific functioning of the

machine. Appellant therefore claims that the operator's testimony should have been stricken and that the statutory presumptions of intoxication should not have been charged. We reject this claim. For the reasons set forth in Division 1, the test results were properly admitted as being in compliance with OCGA § 40-6-392 (a) (1). The statute does not demand that the examiner have an expert's knowledge of the underlying scientific principles governing the functioning of the machine.

3. Finally, appellant claims that in sentencing him the trial court erroneously considered his driving history, which included several prior misdemeanor traffic accusations to which he had pled guilty. The appellant was never sentenced to serve time in confinement as a result of those pleas; however, he contends that because he may have been unrepresented by counsel when the prior pleas were entered, they were constitutionally defective and should not have been considered in imposing his sentence.

This argument fails in light of our decision in *Stillwell v. State*, 161 Ga. App. 230, 232 (288 SE2d 295) (1982), wherein we held as follows: "The sentences for these three previous misdemeanors imposed fines and probation upon the defendant but did not provide for imprisonment. For this reason, the prior convictions do not appear to be constitutionally invalid because of the denial of assistance of counsel. The trial court was, in our opinion, authorized to consider these convictions for the purpose of deciding whether to stay, suspend, or probate all or some of the sentence imposed in this case." See also *Argersinger v. Hamlin*, 407 U. S. 25 (92 SC 2006, 32 LE2d 530) (1972) (no actual deprivation of liberty imposed, therefore prior uncounseled misdemeanor convictions not constitutionally invalid).

The trial court may consider mitigating and aggravating circumstances properly brought to its attention for purposes of imposing sentence within the range of punishment allowed by OCGA § 40-6-391. " 'Any lawful evidence which tends to show the motive of the defendant, his lack of remorse, his general moral character, and his predisposition to commit other crimes is admissible in aggravation, . . . [Cits.]' " *Fields v. State*, 167 Ga. App. 816, 818 (307 SE2d 712) (1983). It is undisputed that the sentence imposed here was within the statutory range.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED MAY 2, 1986 —
REHEARING DENIED MAY 29, 1986 —

*Stephen T. Maples*, for appellant.
*Ralph Bowden, Solicitor, N. Jackson Cotney, Gregory A. Adams,*

*Assistant Solicitors*, for appellee.