A91A2054, A91A2055. CAPELLI et al. v. THE STATE.

(416 SE2d 136)

COOPER, Judge.

Appellants were arrested and charged with one count of misdemeanor shoplifting. Both appellants were denied court-appointed counsel and proceeded to a non-jury trial without counsel. Appellants were found guilty and sentenced to 12-month probated sentences, 24 hours of community service and fines of $450. Appellants subsequently retained counsel who filed a motion for new trial, which was denied by the trial court. A timely notice of appeal was filed from the denial of the motion for new trial.

1. Appellants first contend that they were denied their right to counsel guaranteed by the United States and Georgia Constitutions. Although the right to counsel extends to misdemeanor prosecutions where imprisonment may result (*Argersinger v. Hamlin,* 407 U. S. 25 (92 SC 2006, 32 LE2d 530) (1972)), our Supreme Court has interpreted *Argersinger* as requiring that a defendant in a misdemeanor criminal prosecution be entitled to counsel only where the defendant is sentenced to actual imprisonment. *Brawner v. State,* 250 Ga. 125 (2) (296 SE2d 551) (1982); *Johnston v. State,* 236 Ga. 370 (3) (223 SE2d 808) (1976); see also *Sams v. State,* 162 Ga. App. 118 (1) (290 SE2d 321) (1982). Appellants' sentences do not provide for imprisonment, therefore, their convictions are not constitutionally invalid. *Dotson v. State,* 179 Ga. App. 233 (3) (345 SE2d 871) (1986).

2. Appellants also contend that they were denied their right to a jury trial. Appellants' trial was not transcribed, and the record does not contain a written waiver of appellants' right to a jury trial. During the hearing on appellants' motion for new trial, the State asked the judge to take judicial notice of the fact that the judge's practice is to inform defendants of their right to a jury trial and that appellants' announcement that they were ready to proceed with trial along with the manner in which they conducted their own trial showed that they were aware of their right to a jury trial and knowingly waived that right. " 'A criminal defendant must personally and intelligently participate in the waiver of the constitutional right to a trial by jury. When the purported waiver of this right is questioned, the State bears the burden of showing the waiver was made both intelligently and knowingly, either (1) by showing on the record that the defendant was cognizant of the right being waived; or (2) by filling a silent or incomplete record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily made.' (Citations and punctuation omitted.) [Cits.]" *White v. State,* 197 Ga. App. 162 (398 SE2d 35) (1990). We have considered the record in its entirety and find that the State has not met its burden of showing that appellants were aware that they waived their right to a jury trial

and that appellants personally and intelligently participated in that waiver. Accordingly, the trial court erred in denying appellants' motion for new trial. *Hill v. State*, 181 Ga. App. 473 (1) (352 SE2d 651) (1987).

*Judgments reversed. Birdsong, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 25, 1992.

*Layng, Auld & Associates, D. Warren Auld*, for appellants.

*Gerald N. Blaney, Jr., Solicitor, William F. Bryant, Assistant Solicitor*, for appellee.