## A97A0035. MOORE v. THE STATE.
(485 SE2d 552)

RUFFIN, Judge.

Dennis Moore was arrested for driving under the influence of alcohol ("DUI"), speeding and violating the open container law. He appeared at arraignment without the assistance of an attorney and tendered a plea of guilty to one count of driving under the influence of alcohol, one count of speeding, and one count of violating the open container law, and the State moved to nolle prosequi one count of speeding. Moore was sentenced immediately following a hearing on his plea. He subsequently filed a motion to withdraw his plea, which was denied by the trial court. Moore appeals the denial of the motion to withdraw his plea, alleging the trial court failed to comply with the Uniform Superior Court Rules and that the trial court erred in denying the motion to withdraw his plea. For reasons which follow, we affirm.

1. We find that the trial court properly complied with USCR 33.7, 33.8, 33.9 and 33.11 in accepting Moore's guilty plea. These rules require the trial court to determine the voluntariness of the plea, inform the defendant of the nature of the charges, the rights he is waiving and the possible sentence on the charges, satisfy himself that there is a factual basis for the plea, and ensure there is a recording of the proceedings. It is clear from the record that the proceedings were recorded and that the trial court determined the voluntariness of Moore's plea.

While the trial court did not mention during the plea hearing all of the rights Moore was waiving, this Court has previously determined that the trial court is authorized to accept the testimony given by Moore in his "Record of Defendant Prior to Entering a Plea." See *Romano v. State,* 220 Ga. App. 322, 323 (3) (469 SE2d 726) (1996). However, the better practice is to discuss every essential right a defendant is waiving, on the record with that defendant. This pre-printed form, signed by Moore prior to entering his plea, acknowledges that he understood he was waiving the right to a trial by jury, the presumption of innocence, the right to confront witnesses against him, the right to subpoena witnesses, the right to testify and to offer other evidence, the right to the assistance of counsel during trial, and the right not to incriminate himself. "[T]he question is not whether the trial court followed the letter of [USCR 33.8] but whether the record, as a whole, affirmatively shows [Moore's] plea was knowing

and voluntary. [Cit.]" *Johns v. State*, 223 Ga. App. 553, 554 (1) (479 SE2d 388) (1996). We find that the record as a whole does affirmatively show that Moore's plea was knowing and voluntary.

In addition, the record reveals that the trial court heard the factual basis for the plea and determined that it was sufficient. This factual recitation came after Moore admitted that he was, in fact, guilty of the charges. "It is not necessary that a trial court affirmatively state on the record that it is satisfied that a factual basis for defendant's guilty plea exists as long as there is evidence that the trial court is aware of the factual basis. [Cit.]" *Jefferson v. State*, 216 Ga. App. 442 (2) (454 SE2d 632) (1995).

2. In two separate enumerations of error, Moore asserts the trial court erred in denying the motion to withdraw his plea. We disagree. "The trial court's ruling on a motion to withdraw a guilty plea filed after pronouncement of the sentence will not be disturbed on appeal absent an abuse of discretion. [Cit.]" *Musgrove v. State*, 195 Ga. App. 439 (393 SE2d 704) (1990). Initially, we note that contrary to Moore's contention, this Court may consider the transcript of his guilty plea hearing. While the trial judge may not have had the actual transcript when he rendered his decision on Moore's motion to withdraw his plea, he was the same trial judge who initially presided over the plea hearing, ascertained the voluntariness of Moore's plea, and accepted the plea. Thus, unlike the cases cited by Moore, the transcript does not provide any new or additional evidence not considered by the trial judge in denying Moore's motion to withdraw his plea.

A review of the transcript of the guilty plea hearing reveals that Moore knowingly and voluntarily entered his guilty plea. The trial court explained the offenses Moore was charged with committing, the maximum sentence for each offense, and that Moore would be giving up many valuable rights, including the right to a trial by jury and the assistance of counsel. Moore indicated he realized the consequences of pleading guilty and that he was freely and voluntarily entering his plea. In addition, in signing a document entitled "Record of Defendant Prior to Entering a Plea," Moore acknowledged that he was not suffering from any mental or physical disabilities, that he had been advised of the various rights he would be waiving, that the plea was freely and voluntarily entered, and that he understood the consequences of entering the plea.

Moore's reliance on *Vanvelsor v. State*, 162 Ga. App. 467 (291 SE2d 772) (1982), for the proposition that it is a manifest abuse of discretion for the trial court to fail to hold a hearing on the motion to withdraw his plea is misplaced. In *Vanvelsor*, the Court found an abuse of discretion because the trial court refused to even consider the presentence motion to withdraw the plea despite clear evidence that the trial court failed to ascertain whether the defendant know-

ingly waived the requisite constitutional rights. Id. at 470. In the present case, the record clearly indicates that Moore was aware that he was waiving the requisite constitutional rights, and the trial court did consider Moore's motion to withdraw his plea and found that the plea was freely and voluntarily entered.

Moreover, "in examining the voluntariness of [Moore's] plea, the determinative issue is whether the plea represents a voluntary and intelligent choice among the alternative courses of action available to [Moore]. That [Moore] would not have pleaded but for the desire to avoid . . . receiving a longer sentence is not the type of coercion which prevents a plea from being free and voluntary. [Cits.]" *Beck v. State*, 222 Ga. App. 168, 169 (473 SE2d 263) (1996). We find no abuse of discretion in the trial court's denial of Moore's motion to withdraw his plea of guilty to driving under the influence of alcohol and speeding.

3. Moore further raises questions concerning whether he was adequately informed of his right to counsel by the trial court and whether he was deprived of his right to counsel. Pretermitting whether the trial court erred by not adequately investigating Moore's right to appointed counsel, the record shows that Moore was not sentenced to actual imprisonment and that, therefore, his conviction was not constitutionally invalid.

Moore pled guilty to three misdemeanor offenses: driving under the influence of alcohol, OCGA § 40-6-391, speeding, OCGA § 40-6-181, and violation of the open container law, OCGA § 40-6-253. *Warren v. State*, 197 Ga. App. 23, 25 (2) (397 SE2d 484) (1990); *Ould v. State*, 186 Ga. App. 55 (366 SE2d 392) (1988) (physical precedent only); OCGA § 17-10-3. As a result of his plea, Moore was sentenced to 12 months on probation, 48 hours of community service, ordered to pay a fine, and directed to submit to random alcohol and drug screens.

"Although the right to counsel extends to misdemeanor prosecutions where imprisonment may result (*Argersinger v. Hamlin*, 407 U. S. 25 (92 SC 2006, 32 LE2d 530) (1972)), our Supreme Court has interpreted *Argersinger* as requiring that a defendant in a misdemeanor criminal prosecution be entitled to counsel only where the defendant is sentenced to actual imprisonment. [Cits.]" *Capelli v. State*, 203 Ga. App. 79 (1) (416 SE2d 136) (1992). Since Moore's sentence imposed fines and probation, but did not provide for imprisonment, his conviction is not constitutionally invalid because of the denial of assistance of counsel. *Dotson v. State*, 179 Ga. App. 233 (3), 234 (345 SE2d 871) (1986).

Moreover, Moore's claim on appeal that the State coerced him into pleading guilty notwithstanding the fact that the State knew he had an attorney is not substantiated by the record. When questioned

regarding the lawyer handling a pending DUI in a different county, Moore testified that he wanted to handle this case himself because he could no longer afford his attorney. Moreover, Moore initialed that portion of the "Record of Defendant Prior to Entering a Plea" acknowledging that he freely and voluntarily waived the benefit of counsel and chose to represent himself in the plea proceeding. Based on the substantial evidence that Moore's plea was voluntary, we cannot find that the trial court abused its discretion in denying Moore's motion to withdraw his plea on this ground.

Accordingly, we conclude that the trial court did not manifestly abuse its discretion in this case. Therefore, we affirm the trial court's denial of Moore's motion to withdraw his guilty plea.

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED APRIL 2, 1997.

*Monte K. Davis,* for appellant.
*Ralph T. Bowden, Jr., Solicitor, W. Cliff Howard, Michael A. Penn, Assistant Solicitors,* for appellee.

