A97A2538. SMITH v. THE STATE.
(495 SE2d 624)

BLACKBURN, Judge.

Thomas E. Smith, Jr., appeals his conviction after a bench trial of violating OCGA § 40-6-251, laying drags. Smith asserts 12

enumerations of error.

1. In several enumerations of error, Smith contends the trial court erred in its rulings regarding the allowance of certain evidence, in its determination of the sufficiency of the evidence produced, and in other procedural and evidentiary matters. However, Smith has failed to provide a transcript of the trial, contending that he is without sufficient financial resources to purchase it.

"It is well-settled law that without a transcript to review, this court must assume as a matter of law that the evidence at trial supported the court's findings. It is the burden of the complaining party, *including pro se appellants*, to compile a complete record of what happened at the trial level, and when this is not done, there is nothing for the appellate court to review. . . . *Wright v. State*, 215 Ga. App. 569, 570 (2) (452 SE2d 118) (1994)." (Punctuation omitted; emphasis supplied.) *Jones v. State*, 226 Ga. App. 608, 609 (487 SE2d 142) (1997).

2. Smith contends that trial court employees withheld assistance. However, in his brief, Smith has failed to elaborate on his enumeration of error with argument or citation of authority. Nor does Smith explain what assistance he sought and was denied. Therefore, we have nothing to review. See Court of Appeals Rule 27 (c) (2).

3. Smith contends that the trial court failed to inform him regarding his right to counsel and right to a jury trial. "When an accused is placed on trial for any offense, whether felony or misdemeanor, for which he faces imprisonment, the constitutional guarantee of right to counsel attaches. *Argersinger v. Hamlin*, 407 U. S. 25 (92 SC 2006, 32 LE2d 530) (1972). As with all constitutional rights, the accused may forfeit this right by a knowing and intelligent waiver. . . . [Additionally,] [w]hen the record is silent, waiver is never presumed and the burden is on the state to present evidence of a valid waiver. *Blaylock v. Hopper*, 233 Ga. 504 (212 SE2d 339) (1975)." *Jones v. Wharton*, 253 Ga. 82, 83 (316 SE2d 749) (1984).

"[O]ur Supreme Court has interpreted *Argersinger* as requiring that a defendant in a misdemeanor criminal prosecution be entitled to counsel only where the defendant is sentenced to actual imprisonment." (Punctuation omitted.) *Moore v. State*, 225 Ga. App. 860, 862 (3) (485 SE2d 552) (1997). See *Brawner v. State*, 250 Ga. 125 (2) (296 SE2d 551) (1982). Because Smith's sentence did not impose imprisonment, but merely a fine, "his conviction is not constitutionally invalid because of [his alleged] denial of assistance of counsel. *Dotson v. State*, 179 Ga. App. 233, 234 (3) (345 SE2d 871) (1986)." *Moore*, supra at 862 (3).

"When an appellant questions the purported waiver of his right [to a jury trial], it is up to the State to show that the waiver was intelligently made with the accused's consent. The Supreme Court enun-

ciated two post-trial methods by which the State could successfully carry its burden of proof: (1) by showing on the record that the defendant was cognizant of the right being waived; or (2) by filing a silent or incomplete record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily made. (Citations and punctuation omitted.) *Cooper v. State*, 189 Ga. App. 286, 287 (2) (375 SE2d 505) (1988)." (Punctuation omitted.) *Keith v. State*, 218 Ga. App. 729, 730-731 (463 SE2d 51) (1995).

The record contains a document entitled "Waiver of Formal Arraignment and Notice of Return." The document conveys that "[w]ith exception of traffic bureau violations, you have an absolute right to trial by jury; however, this right may be waived. IF YOU WANT A LAWYER TO Represent YOU, PLEASE STATE SO NOW. Defendant above named, having appeared here this  26  day of  March , 19 97 , hereby waives formal arraignment; *does not* want to be interviewed for a court appointed attorney; and *does* waive right to a jury trial."

The Uniform Traffic Citation itself also contains a section entitled "Appearance, Plea of Not Guilty and Waiver," in which Smith admitted that he had been advised of his "rights to be represented by counsel and have counsel appointed to represent [him] if [he was] indigent; plead not guilty and be tried by a jury or a judge; confront the witnesses against [him]; and, not give incriminating evidence against [himself]." Smith signed the waiver indicating that he waived these rights and acknowledged that he had not been induced by any threat or promise to enter his plea of not guilty.

The record affirmatively shows that Smith was informed of his right to a jury trial and that he voluntarily waived it. Therefore, this enumeration is without merit.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED JANUARY 12, 1998.

Thomas E. Smith, Jr., *pro se.*

*Ben F. Smith, Jr., Solicitor, Barry E. Morgan, Terence P. Malloy, Assistant Solicitors*, for appellee.