## A99A0453. DEREN v. THE STATE.
### (515 SE2d 191)

BLACKBURN, Judge.

Eric Deren appeals from his conviction for speeding in violation of OCGA § 40-6-181, following a bench trial, arguing that the trial court erred by denying him the right to assistance of counsel. We find that Deren was deprived of his right to counsel in his misdemeanor criminal prosecution, and we reverse.

Deren was charged with the criminal offense of speeding and subsequently appeared in the City of Atlanta Traffic Court. Deren pled not guilty and proceeded pro se to a non-jury trial. After being found guilty, Deren was sentenced to a fine of $566 and suspended sentence of 12 months confinement.[1]

Deren contends that he was improperly denied his right to counsel during his bench trial.

Although the right to counsel extends to misdemeanor prosecutions where imprisonment may result (*Argersinger v. Hamlin*, 407 U. S. 25 (92 SC 2006, 32 LE2d 530) (1972)), our Supreme Court has interpreted *Argersinger* as requiring that a defendant in a misdemeanor criminal prosecution be entitled to [court-appointed] counsel only where the defendant is sentenced to actual imprisonment. *Brawner v. State*, 250 Ga. 125 (2) (296 SE2d 551) (1982); *Johnston v. State*, 236

---

[1] The sentence was suspended upon Deren's payment of the fine.

Ga. 370 (3) (223 SE2d 808) (1976).

*Capelli v. State*, 203 Ga. App. 79 (1) (416 SE2d 136) (1992). Deren's sentence imposed a fine and suspended sentence, but he was not deprived of his liberty. Therefore, he was not entitled to court-appointed counsel. See *Smith v. State*, 230 Ga. App. 151, 152 (3) (495 SE2d 624) (1998); *Moore v. State*, 225 Ga. App. 860, 862 (3) (485 SE2d 552) (1997); *Dotson v. State*, 179 Ga. App. 233, 234 (3) (345 SE2d 871) (1986).

However, entitlement to court-appointed counsel does not end the inquiry. "A criminal defendant [has] a constitutional right to be defended by counsel of his own selection whenever he is willing and able to employ such counsel." *Burney v. State*, 244 Ga. 33, 35 (1) (257 SE2d 543) (1979). A criminal defendant may forfeit his right to counsel by a knowing and intelligent waiver. *Jones v. Wharton*, 253 Ga. 82 (316 SE2d 749) (1984); *Smith*, supra. "[S]ince [Deren] pled not guilty and went to trial, the state must also prove that the decision to proceed pro se was made knowingly and intelligently." *Jones*, supra at 83.

The record here is devoid of any evidence that Deren intelligently and knowingly waived his right to assistance of counsel. Deren signed a form affidavit prior to entering his plea which stated, in part, "I understand that by entering a plea of guilty or nolo contendere (no contest) I waive . . . [m]y right to the assistance of counsel during trial [and] [m]y right to be represented by a private attorney or by a public defender if I am eligible." The affidavit addresses the defendant's right to counsel and the waiver thereof in the context of a guilty or nolo contendere plea. It does not address the waiver of his right to counsel at trial where a not guilty plea is entered. Since Deren pled not guilty, the affidavit does not waive his right to the assistance of counsel at trial, and the State did not otherwise meet its burden.

There is no evidence that Deren knowingly and intelligently waived his right to the assistance of counsel of his own choosing at trial. The proceedings in the trial court were not recorded, and " 'when the record is silent, waiver is never presumed.' " *Smith*, supra. The judgment must be reversed.

*Judgment reversed. Beasley, P. J., and Barnes, J., concur.*

DECIDED MARCH 30, 1999.

*James S. Lewis*, for appellant.
*Joseph J. Drolet, Solicitor*, for appellee.