### A01A0624. BARNES v. THE STATE.
(549 SE2d 495)

BARNES, Judge.

L'Erin F. Barnes appeals from her conviction of driving on a revoked license, contending the trial court erred when it (1) failed to determine whether the appellant knowingly and intelligently waived her right to counsel, and (2) provided a defective plea form that did not "fully apprise appellant of her right to counsel and the consequences of proceeding pro se." Because Barnes was not entitled to counsel, we affirm.

The record shows that the trial court sentenced Barnes to 365 days of confinement but ordered that it "may be served on probation," subject to the condition that Barnes paid her $743 fine. The trial court further ordered that Barnes' probation would be terminated after she paid her fine. There is no evidence showing that Barnes was ever actually imprisoned after her conviction.

> Although the right to counsel extends to misdemeanor prosecutions where imprisonment may result (*Argersinger v. Hamlin*, 407 U. S. 25 (92 SC 2006, 32 LE2d 530) (1972)), our Supreme Court has interpreted *Argersinger* as requiring that a defendant in a misdemeanor criminal prosecution be entitled to counsel only where the defendant is sentenced to actual imprisonment. *Brawner v. State*, 250 Ga. 125 (2) (296 SE2d 551) (1982); *Johnston v. State*, 236 Ga. 370 (3) (223 SE2d 808) (1976); see also *Sams v. State*, 162 Ga. App. 118 (1) (290 SE2d 321) (1982).

*Capelli v. State*, 203 Ga. App. 79 (1) (416 SE2d 136) (1992). We have previously held that a "12-month probated sentence[ ]," id. at 79, and a "12-month suspended period of confinement," *Romano v. State*, 220 Ga. App. 322, 323 (2) (469 SE2d 726) (1996), were not sentences of actual imprisonment triggering the right to counsel. See also *Parks v. McClung*, 271 Ga. 795, 797 (524 SE2d 718) (1999) (defendant can challenge whether right to counsel validly waived if probation revoked and defendant actually imprisoned).

Because Barnes was not actually imprisoned, she was not entitled to counsel. As a result, we find no merit in her claim that her conviction must be reversed based on a lack of information about her

right to counsel or a failure by the trial court to find a valid waiver of that alleged right on the record.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED MAY 23, 2001 —
RECONSIDERATION DENIED JUNE 29, 2001 —

*Samia P. Giddings, Terry Grandison, Claudette V. Bazile*, for appellant.

*Joseph J. Drolet, Solicitor-General, Katherine Diamandis, Assistant Solicitor-General*, for appellee.