### A02A0242. GODLEWSKI v. THE STATE.
#### (567 SE2d 704)

BARNES, Judge.

Proceeding pro se following a citation for speeding, Ronald Godlewski was found guilty and fined $200. He appeals, contending that he did not knowingly and voluntarily waive his right to counsel.

The first question to be addressed is whether Godlewski was entitled to appointed defense counsel as a matter of right, and the answer to that question turns on whether he was sentenced to imprisonment. "When an accused is placed on trial for any offense, whether felony or misdemeanor, for which he faces imprisonment, the constitutional . . . right to counsel attaches. *Argersinger v. Hamlin*, 407 U. S. 25, 37 (96 SC 2006, 32 LE2d 530) (1972)." *Jones v. Wharton*, 253 Ga. 82, 83 (316 SE2d 749) (1984). Counsel need not be appointed for defendants in misdemeanor cases, however, when defendants are not sentenced to a term of imprisonment. *Capelli v. State*, 203 Ga. App. 79 (1) (416 SE2d 136) (1992). Further, last month the United States Supreme Court held that even imposition of a suspended sentence to confinement "that may 'end up in the actual deprivation of a person's liberty'" may not be imposed unless the defendant was provided counsel. *Alabama v. Shelton*, 535 U. S. 654 (122 SC 1764, 1767, 152 LE2d 888) (2002).

Unless otherwise provided for with respect to particular offenses, violations of the traffic code are misdemeanors, and penalties for violating the traffic code will be as provided for in OCGA § 17-10-3. OCGA § 40-6-1 (a); *Chastain v. State*, 231 Ga. App. 225, 228 (4) (498 SE2d 792) (1998). Although under OCGA § 17-10-3 (a) (1) and (2), Godlewski could have been sentenced to confinement, he was not entitled to appointed counsel because the sentence actually imposed did not include imprisonment.

That, however, does not end our inquiry. *Deren v. State*, 237 Ga. App. 387, 388 (515 SE2d 191) (1999).

A criminal defendant has a constitutional right to be defended by counsel of his own selection whenever he is willing and able to employ such counsel. A criminal defendant may forfeit his right to counsel by a knowing and intelligent waiver. Since [Godlewski] pled not guilty and went to trial,

the state must also prove that the decision to proceed pro se was made knowingly and intelligently.

(Citations and punctuation omitted.) Id.

"As with all constitutional rights, the accused may forfeit this right by a knowing and intelligent waiver. Waiver of counsel requires more than a showing of a knowledge of right to counsel; there must also be *evidence of relinquishment* of this right." (Citations and punctuation omitted.) *Hamilton v. State*, 233 Ga. App. 463, 466 (1) (b) (504 SE2d 236) (1998).

Although no particular questions are required as evidence of this waiver, "the record must reflect that the defendant was made aware of the dangers of self-representation, and nevertheless made a knowing and intelligent waiver." (Citation and punctuation omitted.) *State v. Watson*, 244 Ga. App. 484 (536 SE2d 170) (2000). The State may carry this burden by showing a valid waiver through either a trial transcript or other extrinsic evidence. *Dunn v. State*, 234 Ga. App. 623, 625 (3) (507 SE2d 170) (1998).

Although Godlewski's brief asserts that he appeared, without counsel, on the day of trial expecting only that he would be arraigned and the trial court refused his request for a continuance to retain an attorney, these allegations are not supported by the record. The record in this case consists of nothing more than the uniform traffic citation and a copy of Godlewski's conviction and sentence. Nevertheless, "[w]hen the record is silent, waiver is never presumed, and the burden is on the [S]tate to present evidence of a valid waiver." (Citations and punctuation omitted.) *Braswell v. State*, 240 Ga. App. 510 (1) (523 SE2d 904) (1999). The State, however, concedes that it cannot carry its burden of showing that Godlewski entered a valid waiver of the right to counsel. Therefore, we must reverse Godlewski's conviction and remand his case for a new trial. *Deren*, supra, 237 Ga. App. at 388.

*Judgment reversed and remanded. Pope, P. J., and Ruffin, J., concur.*

DECIDED JUNE 20, 2002.

*Saia, Richardson & Meinken, Joseph J. Saia*, for appellant.
*Keith C. Martin, Solicitor-General*, for appellee.