## S01G1568. BARNES v. THE STATE.

(570 SE2d 277)

SEARS, Presiding Justice.

Appellant L'Erin Barnes appealed her misdemeanor conviction to the Court of Appeals, claiming that she did not knowingly and intelligently waive her Sixth Amendment right to the assistance of counsel. The Court of Appeals declined to reach that issue, however, relying upon precedent that a criminal defendant who receives a suspended or probated prison sentence rather than a sentence of actual imprisonment has no right to court-appointed counsel.[1] We granted certiorari because we perceived a conflict between that ruling and the Court of Appeals' ruling in *Deren v. State*[2] that, even if a criminal defendant is not entitled to court-appointed counsel, the record must show a knowing and intelligent waiver of the right to private counsel, as a " 'criminal defendant (has) a constitutional right to be defended by counsel of his own selection whenever he is willing and able to employ such counsel.' [Cit.]"[3]

Following oral arguments in this case, the United States Supreme Court issued its decision in *Alabama v. Shelton*,[4] which holds that the Sixth Amendment right to appointed counsel is triggered when an indigent defendant is given a probated or suspended prison sentence.

In light of the *Deren* and *Shelton* opinions, we now reverse this matter and remand it to the Court of Appeals for further action.

1. Appellant appeared without counsel in the Atlanta City Court to answer a charge of driving with a revoked license. Appellant completed a "boilerplate language" plea form informing her of the rights she would waive by entering pleas of either guilty or not guilty. Appellant indicated on the form that she wished to plead not guilty.

---

[1] *Barnes v. State*, 250 Ga. App. 276 (549 SE2d 495) (2001).
[2] 237 Ga. App. 387 (515 SE2d 191) (1999).
[3] 237 Ga. App. at 387.
[4] 535 U. S. 654 (122 SC 1764, 152 LE2d 888) (2002).

Opting to proceed to a bench trial without counsel, appellant initialed written waivers — again stated in boilerplate language — of her rights to a jury trial and to be represented by counsel. She then appeared pro se before the traffic court, entered a plea of not guilty, was found guilty, and was sentenced to a probated term of one year imprisonment, which would be terminated upon her payment of a $743 fine.

Appellant appealed, claiming (1) that the trial court did not ascertain whether she knowingly and intelligently waived her right to counsel, and (2) that the plea form failed to fully advise her of the consequences of proceeding pro se. The Court of Appeals affirmed, holding that although the right to appointed counsel extends to misdemeanor prosecutions where imprisonment results, Barnes had no right to counsel because she was not sentenced to prison.[5]

In reaching its ruling, the Court of Appeals relied upon well-established precedent from both this Court and the United States Supreme Court that in all criminal prosecutions, the right to appointed counsel extends only to situations where the defendant is sentenced to actual imprisonment.[6] Implicit in the Court of Appeals' decision is the ruling, also based upon precedent, that one is not entitled to appointed counsel when fined for a charged crime, but not sentenced to a term of actual imprisonment.[7]

In this matter, of course, appellant was fined and given a probated prison sentence, and the Court of Appeals cited Georgia precedent to hold that probated and suspended sentences are not terms of imprisonment "triggering the [Sixth Amendment] right to [appointed] counsel."[8] Regarding appellant's claim that her Sixth Amendment rights were not properly waived, the Court of Appeals cited this Court's holding that a probationer may challenge her Sixth Amendment waiver when and if her probation is revoked and she is actually imprisoned.[9]

In granting certiorari, this Court queried whether the Court of Appeals' analysis was incomplete because it addressed only whether appellant validly waived her right to court-appointed counsel. In *Deren*, supra, the Court of Appeals held this was merely part of the

---

[5] *Barnes*, 250 Ga. App. at 276-277.

[6] *Barnes*, 250 Ga. App. at 276, citing *Brawner v. State*, 250 Ga. 125 (296 SE2d 551) (1982) and *Argersinger v. Hamlin*, 407 U. S. 25 (92 SC 2006, 32 LE2d 530) (1972). See *Scott v. Illinois*, 440 U. S. 367 (99 SC 1158, 59 LE2d 383) (1979). While the Court of Appeals' ruling is stated in terms of the right to counsel generally, the *Brawner*, *Argersinger* and *Scott* opinions make clear that the Court was referring to the right of court-appointed counsel.

[7] See *Scott*, 440 U. S. at 374.

[8] *Barnes*, 250 Ga. App. at 276, citing *Parks v. McClung*, 271 Ga. 795 (524 SE2d 718) (1999); *Romano v. State*, 220 Ga. App. 322 (469 SE2d 726) (1996).

[9] *Barnes*, 250 Ga. App. at 276, citing *Parks*, 271 Ga. at 797.

requisite inquiry when determining whether a pro se defendant has validly waived the right to counsel, and that a trial court must also ascertain whether a defendant knowingly and intelligently waived the right to the assistance of private counsel of the defendant's own choosing.[10] In addition to an indigent defendant's right to court-appointed counsel, Georgia precedent recognizes an independent and broader "constitutional right to be defended by counsel of [one's] own selection whenever [one] is willing and able to employ such counsel."[11] The right to private counsel attaches in all criminal prosecutions — not merely those resulting in imprisonment or a fine — and is firmly rooted in our State Constitution.[12] Whether that right to counsel has been waived is an independent and separate inquiry from whether the right to court-appointed counsel exists.[13]

In this matter, the Court of Appeals failed to follow *Deren* and make a separate determination of whether appellant waived her right to private counsel. Therefore we must reverse this matter and remand it to the Court of Appeals for further action that is consistent with both this opinion and *Deren*, supra.

2. In the recent case of *Alabama v. Shelton*, supra, the United States Supreme Court affirmed the ruling of Alabama's Supreme Court[14] that a suspended or probated prison sentence is a "term of imprisonment," triggering the Sixth Amendment right to appointed counsel, "even though incarceration is not immediate or inevitable."[15] In so doing, the United States Supreme Court rejected the "actual imprisonment standard" for the appointment of counsel and held that an indigent defendant may not receive a suspended or probated sentence of imprisonment unless he is first offered or waives the assistance of court-appointed counsel.[16] In reaching this ruling, the Court rejected the argument that an indigent pro se defendant should be eligible for probated or suspended sentencing to imprisonment without first being offered or waiving counsel, and that a hearing to determine whether counsel ought to be appointed, or whether that right is waived, should be held only at the probation revocation stage, when incarceration is imminent:[17]

[A] hearing so timed and structured cannot compensate for

---

[10] *Deren,* 237 Ga. App. at 388.

[11] *Burney v. State,* 244 Ga. 33, 35 (257 SE2d 543) (1979); *Deren,* 237 Ga. App. at 388.

[12] Ga. Const. (1983) Art. I, Sec. I, Par. XIV ("Every person charged with an offense against the laws of this state shall have the privilege and benefit of counsel").

[13] *Deren,* supra.

[14] *Shelton v. Alabama,* 2000 WL 1603806 (5/19/00).

[15] *Shelton,* 122 SC at 1768.

[16] Id.

[17] *Shelton,* 122 SC at 1772.

the absence of trial counsel, for it does not even address the key Sixth Amendment inquiry: whether the adjudication of guilt corresponding to the prison sentence is sufficiently reliable to permit incarceration.[18]

Under *Shelton*, it is now established that absent a knowing and intelligent waiver, no indigent person may be imprisoned for any offense, or sentenced to a probated or suspended prison term, unless he was represented by counsel at his trial.

In this case, as explained above, the Court of Appeals did not reach the question of whether appellant waived her Sixth Amendment right to appointed counsel. Instead, consistent with the case law at that time, the Court of Appeals ruled that appellant had no such right because she was not sentenced to a term of imprisonment. Under the subsequently-decided *Shelton* opinion, however, the Court of Appeals' ruling constitutes an improper analysis regarding the Sixth Amendment right to appointed counsel. Accordingly, this case must be reversed and remanded for further action by the Court of Appeals that is consistent with the United States Supreme Court's decision in *Shelton v. Alabama*.

3. To the extent that *Deren*, supra, and other decisions[19] hold that a criminal defendant is only entitled to court-appointed counsel if sentenced to a term of actual imprisonment, such cases conflict with the Supreme Court's decision in *Shelton v. Alabama*, supra, and are overruled. To the extent that *Parks v. McClung*[20] holds that a probated or suspended sentence of imprisonment does not trigger the right to appointed counsel and that a probationer's claim of an invalid waiver of the right to appointed counsel need not be addressed until probation is revoked and imprisonment is imminent, that case conflicts with *Shelton*[21] and also is overruled.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED SEPTEMBER 23, 2002.

*Claudette V. Bazile, Tara D. Dickerson, Kevin J. Jones*, for appellant.

*Joseph J. Drolet, Solicitor-General, Katherine Diamandis, Assis-*

---

[18] Id.

[19] See, e.g., *Parks v. McClung*, supra; *State v. Smith*, 264 Ga. 634 (452 SE2d 90) (1994); *Brawner v. State*, supra; *Johnston v. State*, 236 Ga. 370 (223 SE2d 808) (1976); *Romano v. State*, supra; *Capelli v. State*, 203 Ga. App. 79 (416 SE2d 136) (1992).

[20] Supra.

[21] See notes 17 and 18, supra, and accompanying text.

*tant Solicitor-General,* for appellee.
      *James C. Bonner, Jr.,* amicus curiae.