### A01A0624. BARNES v. THE STATE.
(581 SE2d 727)

BARNES, Judge.

In *Barnes v. State*, 250 Ga. App. 276 (549 SE2d 495) (2001), we affirmed the conviction of L'Erin Barnes for driving on a revoked license, finding that

[b]ecause Barnes was not actually imprisoned, she was not entitled to counsel. As a result, we find no merit in her claim

---

that her conviction must be reversed based on a lack of information about her right to counsel or a failure by the trial court to find a valid waiver of that alleged right on the record.

Id. at 276-277. On certiorari, the Supreme Court of Georgia reversed and remanded the case, holding that in light of the U. S. Supreme Court case, *Alabama v. Shelton*, 535 U. S. 654 (122 SC 1764, 152 LE2d 888) (2002), Barnes was entitled to appointed counsel because she was given a probated sentence. *Barnes v. State*, 275 Ga. 499, 502 (2) (570 SE2d 277) (2002). The Supreme Court also found that this Court failed to apply the rule in *Deren v. State*, 237 Ga. App. 387 (515 SE2d 191) (1999), which mandates that "even if a criminal defendant is not entitled to court-appointed counsel, the record must show a knowing and intelligent waiver of the right to private counsel." *Barnes v. State*, supra, 275 Ga. at 499. Accordingly, our judgment in this case must be vacated, and the judgment of the Supreme Court is made the judgment of this Court on this issue. Further, in accordance with our Supreme Court's instructions, we now determine whether Barnes knowingly and intelligently waived her right to private and appointed counsel. We find that she did not do so.

Following her conviction for driving with a revoked license, Barnes was sentenced to serve 365 days, but the trial court ordered that the sentence could be served on probation on the condition that Barnes paid a $743 fine. Barnes appeared before the trial court without counsel and indicated that she planned to plead not guilty. The record contains a signed affidavit containing boilerplate language reflecting Barnes' intention to plead not guilty and her initialed written waivers of her rights to a jury trial and to be represented by counsel.

On appeal Barnes asserts that the trial court erred in failing to determine if she had knowingly and intelligently waived her right to counsel. Barnes also argues that the signed written waiver was insufficient to apprise her of the dangers of proceeding without counsel.

"A criminal defendant has a constitutional right to be defended by counsel of his own selection whenever he is willing and able to employ such counsel. A criminal defendant may forfeit his right to counsel by a knowing and intelligent waiver." (Citations and punctuation omitted.) *Deren v. State*, supra, 237 Ga. App. at 388. "Waiver of counsel requires more than a showing of a knowledge of right to counsel; there must also be evidence of relinquishment of this right." (Citations, punctuation and emphasis omitted.) *Hamilton v. State*, 233 Ga. App. 463, 466 (1) (b) (504 SE2d 236) (1998).

Although no particular questions are required as evidence of this waiver, the record must reflect that the defendant was made aware of the dangers of self-representation, and nevertheless made a knowing and intelligent waiver. The State may carry this burden by showing a valid waiver through either a trial transcript or other extrinsic evidence.

(Citations and punctuation omitted.) *Godlewski v. State*, 256 Ga. App. 35, 36 (567 SE2d 704) (2002).

Here, the only evidence of Barnes' waiver of either appointed or retained counsel is the document in the record entitled "Affidavit of Defendant Prior to Entering Plea." Under the heading "If You Are Pleading Not Guilty Please Read and Initial and Sign if Applicable," Barnes placed her initials beside the statements indicating that she waived her right to a jury trial and to be represented by counsel.

Although the evidence reflects that Barnes waived her right to counsel, there is no evidence that she was warned of the dangers of proceeding without representation.

In order for the State to use a pretrial waiver form to show that a defendant has intelligently elected to represent [herself] at trial after being advised of [her] right to counsel and the "dangers" of waiver, the form should outline those pertinent dangers: such as (1) the possibility of a jail sentence; (2) the rules of evidence will be enforced; (3) strategic decisions with regard to voir dire and the striking of jurors must be made by defendant; (4) strategic decisions as to the calling of witnesses and/or the right to testify must be made by defendant; and (5) issues must be properly preserved and transcribed in order to raise them on appeal.

(Footnote omitted.) *Tucci v. State*, 255 Ga. App. 474, 476-477 (1) (565 SE2d 831) (2002).

The State has produced no evidence to show that Barnes was provided with such information. The record does not include a trial transcript or any other extrinsic evidence reflecting that the trial court made a careful, or even cursory, inquiry into Barnes' waiver of her right to either appointed or retained counsel. Therefore, we must reverse Barnes' conviction and remand the case for a new trial. *Godlewski v. State*, supra, 256 Ga. App. at 36.

As we noted in *Banks v. State*, 260 Ga. App. 515, 520 (2) (580 SE2d 308) (2003),

although not required by the decisions of our Supreme Court, we believe that the best way to ensure that a defendant fully appreciates the right [she] has chosen to relin-

quish, and that trial judges fully understand their duty in this process, is for the trial court to address each factor, individually, and on the record. By so doing, a trial court can likely avoid the time and expense of another trial.

The State's argument that, in traffic cases involving only a fine, to require "that the trial court must create a verbatim record showing that they informed an accused of the dangers of proceeding to trial pro se and the benefits of having counsel represent them . . . appears to be more than the Constitution and our laws require" is not correct. "The right to private counsel attaches in all criminal prosecutions — not merely those resulting in imprisonment or a fine — and is firmly rooted in our State Constitution." (Footnote omitted.) *Barnes v. State*, supra, 275 Ga. at 501 (1). In this case Barnes was facing a one-year probated sentence, which triggered the Sixth Amendment right to appointed counsel, thus requiring a knowing and intelligent waiver of that right, including the dangers therein, before Barnes proceeded to trial. Id. In any event, a transcript of the proceedings is not the only way to prove a knowing and intelligent waiver of these rights. See *Tucci v. State*, supra, 255 Ga. App. at 476-477.

Accordingly, we reverse and remand this case to the trial court for a new trial. "[Barnes] may choose to be represented by counsel or to waive [her] right to counsel and defend [herself] — after being made aware of the dangers of proceeding without counsel." *Ross v. State*, 258 Ga. App. 346, 347 (574 SE2d 406) (2002).

*Judgment reversed and case remanded. Smith, C. J., and Phipps, J., concur.*

DECIDED MAY 5, 2003.

*Samia P. Randall, Terry Grandison, Claudette V. Bazile*, for appellant.

*Joseph J. Drolet, Solicitor-General, Katherine Diamandis, Assistant Solicitor-General*, for appellee.