S10A0062. ALFORD v. THE STATE et al.

(695 SE2d 1)

THOMPSON, Justice.

Following a bench trial on February 13, 1995, Antonio Alford was convicted of DUI and for being a minor in possession of alcohol. Alford was sentenced to 12 months probation. He was not represented by counsel.

Alford filed a habeas corpus petition challenging his DUI and possession convictions on the ground that he was entitled to, and denied, counsel. The habeas court determined that Alford was not entitled to legal representation because he was sentenced only to probation and no term of imprisonment.

We granted a certificate of probable cause to determine whether *Alabama v. Shelton*, 535 U. S. 654 (122 SC 1764, 152 LE2d 888) (2002) applies retroactively to Alford's convictions because Alford was unrepresented by counsel. We hold that it does.

In *Shelton*, the United States Supreme Court held that the Sixth Amendment does not permit activation of a suspended sentence "[w]here the State provides no counsel to an indigent defendant." Id. at 662. The Supreme Court reached that conclusion by reasoning that a defendant with a suspended sentence who violates probation "is incarcerated not for the probation violation, but for the underlying offense." Id. An uncounseled conviction would thus result in imprisonment and " 'in the actual deprivation of a person's liberty.' " Id. (quoting *Argersinger v. Hamlin*, 407 U. S. 25, 40 (92 SC 2006, 32 LE2d 530) (1972)).

This Court recognized *Shelton*'s application in *Barnes v. State*, 275 Ga. 499 (570 SE2d 277) (2002). In *Barnes*, the defendant

appeared before a traffic court, without counsel, to answer a charge of driving with a revoked license. Id. Proceeding to a bench trial, the defendant appeared pro se, was found guilty, and sentenced to a one-year probated term of imprisonment and a fine. Id. at 500. Adopting *Shelton*, we held "that absent a knowing and intelligent waiver, no indigent person may be imprisoned for any offense, or sentenced to a probated or suspended prison term, unless he was represented by counsel at his trial." Id. at 502.

To make a knowing and intelligent waiver, " 'the trial court must apprise the defendant of the dangers and disadvantages inherent in representing himself so that the record will establish that he knows what he is doing.' " *State v. Evans*, 285 Ga. 67, 68 (673 SE2d 243) (2009) (quoting *Lamar v. State*, 278 Ga. 150, 152 (598 SE2d 488) (2004)). "The State may carry this burden by showing a valid waiver through either a trial transcript or other extrinsic evidence." *Godlewski v. State*, 256 Ga. App. 35, 36 (567 SE2d 704) (2002).

Pointing out that the record in this case offers no explanation as to why defendant lacked counsel, the State argues that Alford has not demonstrated he was denied the right to counsel. The State, however, erroneously places the burden on Alford. *Jones v. Wharton*, 253 Ga. 82 (316 SE2d 749) (1984). It is the State which must show the defendant made a knowing and intelligent waiver of his right to counsel. *Barnes v. State*, 261 Ga. App. 112, 113 (581 SE2d 727) (2003). Review of the record shows no voluntary or intelligent waiver of Alford's right to counsel, nor that he was apprised of the dangers of proceeding without counsel.

We now decide the question posed by this case: whether the rule set forth in *Shelton* and adopted by this Court in *Barnes* applies retroactively. In *Howard v. United States*, 374 F3d 1068, 1077 (11th Cir. 2004), the Eleventh Circuit held that the right recognized in *Shelton* is retroactively applicable. We find the reasoning utilized by the Eleventh Circuit persuasive. See also *Talley v. South Carolina*, 371 S.C. 535, 544 (640 SE2d 878) (2007) (giving retroactive application to the rule put forth in *Shelton*).

Like *Howard*, this case turns on whether *Shelton* applies retroactively because it establishes a "new rule" under *Teague v. Lane*, 489 U. S. 288, 301 (109 SC 1060, 103 LE2d 334) (1989). See *Howard*, 374 F3d at 1073.

According to the Supreme Court in *Teague*, "a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." (Emphasis omitted.) Id. at 301. We agree with the Eleventh Circuit that *Shelton* established a new rule even though the Court relied on two past precedents in reaching its conclusion. The Court in *Shelton* said that its decisions in

*Argersinger*, supra at 407 U. S. 25, and *Scott v. Illinois*, 440 U. S. 367 (99 SC 1158, 59 LE2d 383) (1979) "controlled" its judgment in the case. *Shelton*, 535 U. S. at 657. In *Argersinger*, the Court held that defense counsel must be appointed in any criminal prosecution that actually leads to imprisonment. 407 U. S. at 33. In *Scott*, the Supreme Court "drew the line at 'actual imprisonment,' holding that counsel need not be appointed when the defendant is fined for the charged crime, but is not sentenced to a term of imprisonment." *Shelton*, 535 U. S. at 657 (quoting *Scott*, 440 U. S. at 373-374).

Distinguishing the two "controlling" precedents from the facts in *Shelton* itself, the Eleventh Circuit has persuasively shown that the rule established in *Shelton* was not dictated by existing precedent. *Howard*, 374 F3d at 1074. Before *Shelton*, a defendant's right to counsel was required only if a sentence was imposed that actually led to imprisonment. However, the rule in *Shelton* clearly expands this right by requiring appointed counsel if the sentence *"may* 'end up in the actual deprivation of a person's liberty.' " (Emphasis supplied.) 535 U. S. at 658.

While a new rule will apply retroactively on direct review, on collateral review, it will only apply retroactively in one of two situations. *Teague*, supra at 307.

> First, a new rule should be applied retroactively if it places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe. Second, a new rule should be applied retroactively if it requires the observance of those procedures that are implicit in the concept of ordered liberty.

(Citations and punctuation omitted.) Id. (quoting *Mackey v. United States*, 401 U. S. 667, 692 (91 SC 1160, 28 LE2d 404) (1971)).

The second exception is the only one at issue here. For a new rule to fall within this exception, it must meet a two-pronged test: (1) it must relate to the accuracy of the conviction; and (2) it must "alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding." (Punctuation omitted.) *Whorton v. Bockting*, 549 U. S. 406, 418 (127 SC 1173, 167 LE2d 1) (2007) (on remand, habeas denial affirmed on other grounds). The Supreme Court has made it clear that the right to counsel in all stages of the adjudication process is imperative to the fact-finding process. *McConnell v. Rhay*, 393 U. S. 2, 3 (89 SC 32, 21 LE2d 2) (1968). Representation by counsel is thus "inevitably tied to the accuracy of a conviction." *Howard*, 374 F3d at 1078 (citing *McConnell*, 389 U. S. at 3). Moreover, as the Eleventh Circuit observed, the right to counsel is a bedrock procedural right and the rule in *Shelton* altered our understanding of that right

by applying it to defendants who receive only a suspended sentence or probation. *Howard*, 374 F3d at 1078 (citing *Nutter v. White*, 39 F3d 1154, 1157 (11th Cir. 1994)). Finally, we note that the right to counsel in criminal proceedings has repeatedly been made retroactive. See, e.g., *Kitchens v. Smith*, 401 U. S. 847 (91 SC 1089, 28 LE2d 519) (1971) (felony convictions); *Arsenault v. Massachusetts*, 393 U. S. 5, 6 (89 SC 35, 21 LE2d 5) (1968) (the right to counsel in plea hearings is retroactive, "since the 'denial of the right must almost invariably deny a fair trial'); see also *McConnell*, 393 U. S. at 3 ("The right to counsel . . . relates to 'the very integrity of the fact-finding process' ").

Since the new rule espoused by *Shelton* relates to the accuracy of a decision and alters our understanding of the bedrock procedural elements essential to the fairness of a proceeding, the rule is to be applied retroactively. It follows that the habeas court erred in denying Alford's petition.

*Judgment reversed. All the Justices concur, except Carley, P. J., who dissents.*

CARLEY, Presiding Justice, dissenting.

I disagree with the majority's conclusion that *Alabama v. Shelton*, 535 U. S. 654 (122 SC 1764, 152 LE2d 888) (2002) should be applied retroactively to reverse the judgment of the habeas court in this case. Therefore, I respectfully dissent.

The general rule is that a habeas court applies the law in effect at the time of the judgment of conviction. As explained by Justice Harlan,

"Habeas corpus always has been a *collateral* remedy, providing an avenue for upsetting judgments that have become otherwise final. It is not designed as a substitute for direct review. . . ." [Cit.] . . . [I]t is "sounder, in adjudicating habeas petitions, generally to apply the law prevailing at the time a conviction became final than it is to seek to dispose of (habeas) cases on the basis of intervening changes in constitutional interpretation." [Cit.] . . . "[T]he threat of habeas serves as a necessary additional incentive for trial and appellate courts throughout the land to conduct their proceedings in a manner consistent with established constitutional standards. In order to perform this deterrence function, . . . the habeas court need only apply the constitutional standards that prevailed at the time the original proceedings took place." [Cit.] (Emphasis in original.)

*Teague v. Lane*, 489 U. S. 288, 306-307 (IV) (B) (109 SC 1060, 103

LE2d 334) (1989). There is a limited exception to this general rule of non-retroactivity for cases on collateral review, which occurs when the United States Supreme Court issues a decision that results in a "new rule." *Schriro v. Summerlin*, 542 U. S. 348, 351 (II) (124 SC 2519, 159 LE2d 442) (2004). As stated by the Supreme Court in *Teague v. Lane*, supra at 301 (IV) (A):

> It is admittedly often difficult to determine when a case announces a new rule, and we do not attempt to define the spectrum of what may or may not constitute a new rule for retroactivity purposes. In general, however, a case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government. [Cits.] To put it differently, a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final. [Cit.] (Emphasis omitted.)

The Supreme Court has further held that, generally, new substantive rules apply retroactively, but new rules of procedure do not apply retroactively. *Schriro v. Summerlin*, supra at 351-352 (II).

In finding that *Shelton* announced a new procedural rule that should, contrary to the general rule, be applied retroactively, the majority follows the rationale of *Howard v. United States*, 374 F3d 1068 (11th Cir. 2004), stating that "the Eleventh Circuit has persuasively shown that the rule established in *Shelton* was not dictated by existing precedent. [Cit.]" (Maj. Op., p. 107) Of course, this Court is not required to follow the decision in *Howard*. "While we are at liberty to consider [such] authority, the appellate courts of this state are 'not bound by decisions of . . . federal courts except the United States Supreme Court.' [Cit.]" *Balmer v. Elan Corp.*, 278 Ga. 227, 229-230 (2) (599 SE2d 158) (2004). Moreover, unlike the majority, I do not find *Howard* to be either persuasive or correct, because it is apparent from the plain language of *Shelton* that its result was indeed dictated by existing precedent.

In *Shelton*, the Supreme Court plainly stated that "[t]wo prior decisions control the Court's judgment." *Alabama v. Shelton*, supra at 657. Those two decisions, *Argersinger v. Hamlin*, 407 U. S. 25 (92 SC 2006, 32 LE2d 530) (1972) and *Scott v. Illinois*, 440 U. S. 367 (99 SC 1158, 59 LE2d 383) (1979), established the "actual imprisonment" rule. The Supreme Court explained, "[i]t is thus the controlling rule that 'absent a knowing and intelligent waiver, no person may be imprisoned for any offense . . . unless he was represented by counsel at his trial.' *Argersinger*, [supra] at 37." *Alabama v. Shelton*, supra at 662 (II) (A). Based on that controlling rule of actual

imprisonment, the Supreme Court clarified the precise issue before it in *Shelton*: "The question presented is whether the Sixth Amendment right to appointed counsel, as delineated in *Argersinger* and *Scott*, applies to a defendant in Shelton's situation." *Alabama v. Shelton*, supra at 658. The Supreme Court then applied the controlling rule to the case before it and concluded that a suspended prison sentence may not be imposed unless the defendant was accorded the assistance of counsel. *Alabama v. Shelton*, supra. In reaching that holding, the Supreme Court noted that a

> suspended sentence is a prison term imposed for the offense of conviction. Once the prison term is triggered, the defendant is incarcerated not for the probation violation, but for the underlying offense. The uncounseled conviction at that point "results in imprisonment," [cit.]; it "ends up in the actual deprivation of a person's liberty," [cit.] This is precisely what the Sixth Amendment, as interpreted in *Argersinger* and *Scott*, does not allow.

*Alabama v. Shelton*, supra at 662 (II) (B).

Thus, it is clear from the Supreme Court's language in *Shelton* that it was not breaking new ground or imposing a new obligation on the states or federal government. *Teague v. Lane*, supra. Rather, the Court simply reached a limited holding that was compelled by the controlling Sixth Amendment precedent of *Argersinger* and *Scott*, because the circumstances in *Shelton* were "precisely what [that existing law] does not allow." *Alabama v. Shelton*, supra. Accordingly, "[t]his does not constitute a 'new rule' as contemplated by [*Teague*]." *Hickman v. State*, 2004 Tenn. Crim. App. LEXIS 64 at *4 (Jan. 28, 2004) (holding that *Shelton* did not announce a new rule). Because *Shelton* did not result in a new rule, it cannot be applied retroactively to collateral proceedings. See *Harris v. State*, 273 Ga. 608, 610 (2) (543 SE2d 716) (2001) (following *Teague* in holding that newly announced rule of criminal procedure will not apply retroactively to convictions challenged on habeas corpus).

In reaching a contrary opinion about *Shelton*, the Eleventh Circuit stated that overshadowing its decision

> is one momentous fact: Every extension of the right to counsel from *Gideon* [*v. Wainwright*, 372 U. S. 335 (83 SC 792, 9 LE2d 799) (1963)] through *Argersinger* has been applied retroactively to collateral proceedings by the Supreme Court.

*Howard v. United States*, supra at 1077 (III) (C). The majority echoes

this sentiment, citing the same Supreme Court cases cited by *Howard*. (Maj. Op., pp. 107-108) However, rather than supporting the *Howard* and majority opinions, those previous decisions retroactively applying the right to counsel actually undermine the idea that *Shelton* must be retroactively applied. As the *Howard* court conceded, the impact of those retroactivity decisions is lessened because they were made before *Teague*, when the issue of retroactivity was decided under completely different standards than those established by *Teague. Howard v. United States*, supra at 1078 (III) (C). Indeed,

> [t]he Supreme Court has not decided the retroactivity of any rule expanding *Gideon* since the *Teague* regime began in 1989. . . . Because of the substantial difference in analysis, the pre-*Teague* decisions applying *Gideon*-related rights retroactively do not control whether a post-*Teague* decision . . . is retroactively applicable.

*Howard v. United States*, supra.

Furthermore, as noted in *Howard*, all of the prior retroactive applications of the right to counsel have been made by the Supreme Court itself. However, as the Eleventh Circuit conceded in a subsequent case, "[t]he Supreme Court has never made its *Shelton* decision retroactive. . . ." *Flint v. Jordan*, 514 F3d 1165, 1166 (11th Cir. 2008). Indeed, two years after *Shelton*, in a discussion of new procedural rules that should be applied retroactively, the Supreme Court expressly stated that "[t]his class of rules is extremely narrow, and 'it is unlikely that any . . . "ha(s) yet to emerge."' [Cits.]" *Schriro v. Summerlin*, supra at 352 (III). This statement and the fact that the Supreme Court has never applied *Shelton* retroactively clearly indicate that *Shelton* did not announce a new procedural rule that applies retroactively to collateral proceedings. Unlike the Eleventh Circuit, this Court should follow the lead of the Supreme Court by not applying *Shelton* retroactively. Accordingly, contrary to the majority opinion, I believe that the habeas court correctly denied the habeas petition and that its judgment should be affirmed.

DECIDED APRIL 19, 2010.

Antonio Alford, *pro se.*

Julia F. Slater, *District Attorney,* Wesley A. Lambertus, *Assistant District Attorney,* Thurbert E. Baker, *Attorney General,* for appellees.

*Sarah L. Gerwig-Moore, Leigh S. Schrope, Amanda N. Heath, Wesley C. Turner*, amici curiae.