## A00A2111. SPEARS v. THE STATE.
(545 SE2d 36)

SMITH, Presiding Judge.

Curtis A. Spears, who represented himself during his jury trial, was convicted of the misdemeanor offenses of simple battery and carrying a concealed weapon. His motion for new trial was denied, and he appeals. Although the record contains a transcript of Spears's hearing on his motion for supersedeas bond, his trial apparently was not reported. Spears contends that reversal is required because the record fails to reflect a valid waiver of his constitutional right to counsel. We are constrained to agree, and we therefore reverse and remand this case for proceedings consistent with this opinion.

A defendant on trial for any offense for which imprisonment is a penalty has the constitutional right to counsel, which can "be waived only by voluntary and knowing action. [Cits.]" *Braswell v. State,* 240 Ga. App. 510 (1) (523 SE2d 904) (1999). Before an accused may proceed pro se in any trial the trial judge has the "serious and weighty responsibility . . . of determining whether there [was] an intelligent and competent waiver" of the right to counsel. *Hamilton v. State,* 233 Ga. App. 463, 466 (1) (b) (504 SE2d 236) (1998). To show effective waiver, the record must contain "evidence of relinquishment of this right." (Citation and punctuation omitted.) Id. This requires a showing that the accused had knowledge of the nature of the charges and the statutory offenses included within the charges, the range of possible punishments, possible defenses and circumstances in mitigation, "and all other facts essential to a broad understanding of the matter." (Citation, punctuation and emphasis omitted.) Id.

The State contends that testimony contained in the hearing transcript on Spears's motion for supersedeas bond reflects that the trial court adequately informed Spears of his rights. During that hearing, the prosecutor simply stated:

> [I]f there was an attempt to re-create a transcript by recollection, . . . the transcript would show that your honor went

through a colloquy with the defendant about whether or not he had been to law school, whether or not he had any knowledge about conducting a trial. And it was explained to him how he would have to act as his own lawyer, make specific objections, cross-examine and direct examine witnesses, to which all of which the defendant did; and the defendant knowing that he had not had any formal legal training, did admit that he read some books in the library. . . . And after your honor went through all the perils of representing himself, defendant still made the decision to proceed at that time without counsel.

This recitation did not amount to a showing that the trial court met its heavy burden of ensuring that Spears knowingly relinquished his right to counsel. Defense counsel (apparently obtained by Spears to represent him at the supersedeas hearing) did not object to this recitation or contradict it. But the recitation was not evidence, nor did this procedure in any manner conform to the requirements of preparing a transcript from recollection, as permitted by OCGA § 5-6-41 (g). More importantly, the prosecutor's statement completely fails to show that Spears was adequately informed of the nature of the charges against him, the possible punishments he faced, the dangers of proceeding pro se, and other circumstances that might affect his ability to adequately represent himself. The State has failed to show that Spears voluntarily relinquished his right to counsel, and we therefore reverse and remand this case to the trial court for proceedings consistent with this opinion.

*Judgment reversed and remanded. Johnson, P. J., and Phipps, J., concur.*

DECIDED JANUARY 22, 2001.

*Morriss, Lober & Dobson, Bruce F. Morriss, Daniel Shim,* for appellant.

*Carmen Smith, Solicitor, Jody L. Peskin, Cynthia Strong-McCarthy, Assistant Solicitors,* for appellee.