A02A0333. HUMPHRIES v. THE STATE.
(565 SE2d 558)

MILLER, Judge.

Willie Humphries appeals from his convictions for rape and aggravated sodomy. On appeal he contends, among other things, that the trial court erred by allowing him to proceed to trial pro se without first establishing that he made a knowing, intelligent, and voluntary waiver of his right to counsel. Since the record does not establish that Humphries was given sufficient information to make a knowing and intelligent waiver, we reverse.

The record reveals that Humphries was originally represented by the Fulton County Public Defender's Office. Although his four prior attorneys from that office left the case, when asked if he wanted any of those attorneys to represent him, Humphries stated that he only had a problem with one particular attorney from that office representing him. On the day of trial, Humphries was without counsel.

A Fulton County public defender who was in court on the day of the trial explained to the court that he believed that his office had been removed from the case and that Humphries was proceeding pro se. The trial judge, however, believed that the Fulton County Public Defender's Office was still officially on the case as Humphries's counsel. While the record contains a 1995 motion to withdraw from the attorney with whom Humphries had a conflict, there was no order on that motion prior to trial.

The public defender then offered to be Humphries's new counsel. Humphries indicated that it may be difficult for the attorney to represent him because Humphries had lost his original case file. Nevertheless, after meeting with Humphries during a brief recess, the attorney informed the judge that Humphries did not want the attorney to represent him and was ready to try the case on his own. The

following exchange then took place between Humphries and the court:

> The Court: [The public defender] has come back in and informed the court that you indicated it's your desire to go forward today, get it over with.
> [Humphries]: Yes, sir.
> The Court: I understand he has advised you that's not a good idea. He doesn't think that's a good idea.
> [Humphries]: Yes, sir.
> The Court: You still want to go forward?
> [Humphries]: Yes, sir.
> The Court: You want to accept whatever assistance he can give you?
> [Humphries]: Yes, sir.
> The Court: You want to go today?
> [Humphries]: Yes, sir.
> The Court: We're going to call the jury in and we will get the jury seated and we will be ready to go. All right. I'll be in recess until the jury is seated.

The court then allowed the case to proceed to trial with Humphries acting pro se and the public defender sitting as standby counsel. Prior to trial the public defender conducted voir dire, but during trial Humphries handled all objections and cross-examination of the State's witnesses. The only witness that Humphries put on for his defense was himself.

During his closing argument, Humphries was cautioned by the court for proceeding improperly, drew an objection from the State, and stated that he did not understand what he was supposed to do during his closing argument. The court then allowed the public defender to take over and complete the closing argument for Humphries. The jury returned guilty verdicts on two of the counts against Humphries.

1. Humphries argues that the trial court erred by allowing him to proceed to trial pro se without first ensuring that he made a knowing, intelligent, and voluntary waiver of his right to counsel. We agree.

In any prosecution that may result in imprisonment, the U. S. Constitution guarantees an accused the right to counsel. *Faretta v. California*, 422 U. S. 806 (95 SC 2525, 45 LE2d 562) (1975). Although this right to counsel may be waived, such waiver must be made knowingly, intelligently, and voluntarily. See *Clarke v. Zant*, 247 Ga. 194, 195 (275 SE2d 49) (1981). As this court recently reaffirmed in *Middleton v. State*, 254 Ga. App. 648 (1) (563 SE2d 543) (2002),

although the trial court need not use any "magic words" to determine if a valid waiver was made, the State has the burden of showing from the record that the accused understood (1) the nature of the charges against him, (2) any statutory lesser included offenses, (3) the range of possible punishments for the charges, (4) possible defenses, (5) mitigating circumstances, and (6) any other facts necessary for a broad understanding of the matter. Otherwise, there is no valid waiver. The trial judge must investigate as long and as thoroughly as the circumstances of the case demand to establish a valid waiver. *Hamilton v. State*, 233 Ga. App. 463, 466 (1) (b) (504 SE2d 236) (1998). If a valid waiver is not indicated by the record and the resulting error may have been harmful, we must reverse the judgment of the trial court. See *Prater v. State*, 220 Ga. App. 506, 509 (469 SE2d 780) (1996).

Here, the trial court made no independent inquiry into Humphries's understanding of the charges against him, possible punishments, lesser included offenses, the specific dangers of proceeding pro se, mitigating circumstances, or any possible sentence that he may receive, and the record does not indicate that Humphries was otherwise made aware of these things. Although the public defender informed the court that he advised Humphries that representing himself was a bad idea, there is no indication in the record that Humphries was made aware of the specific dangers that he faced in proceeding pro se or of the other matters that would indicate that Humphries made a knowing and intelligent waiver. Cf. *Middleton*, supra, 254 Ga. App. at 649 (1) (despite participation of counsel at trial, invalid waiver where defendant not clearly informed of rights); *Raines v. State*, 242 Ga. App. 727, 729 (1) (531 SE2d 158) (2000) (invalid waiver where court failed to make independent inquiry into defendant's understanding of the specific dangers he faced from proceeding pro se). The record does not indicate that Humphries made a knowing and voluntary waiver of his right to counsel, and the trial court therefore erred by allowing Humphries to proceed to trial pro se.

Further, the State has not met its burden of showing that this error was harmless. Indeed, the State does not even argue that any such error would have been harmless. Although Humphries had standby counsel, he did not have any of his original files for the presentation of his case, and his cross-examinations were limited to only a few cursory questions. He had no evidence to respond to the State's expert or other witnesses other than his own testimony. He was disorganized and confused about how to present his closing argument, and he had to let standby counsel take over and make the argument for him. Humphries did not have the benefit of files or counsel to help him prepare for the case on the day of trial, even though the Fulton County Public Defender's Office had never been formally excused

from the case prior to trial. We cannot say that the error in allowing Humphries to proceed to trial pro se was harmless beyond a reasonable doubt. See *Middleton*, supra, 254 Ga. App. at 650 (2) (harmful error despite presence of standby counsel and strong evidence of guilt); *Prater*, supra, 220 Ga. App. at 509 (harmful error where defendant was "confused, disorganized, and ill-equipped for handling the case" and was "inadequately warned beforehand" of dangers of proceeding pro se).

2. In light of our holding in Division 1, Humphries's remaining enumeration is moot.

*Judgment reversed and case remanded. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED MAY 13, 2002.

*Adeline A. Johnson*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney*, for appellee.