A02A0241. MILLER-ROY v. THE STATE.
(565 SE2d 899)

ELDRIDGE, Judge.

On May 30, 2001, at approximately 10:00 a.m., defendant Maria Miller-Roy, a licensed commercial driver, was stopped on Tara Boulevard in Clayton County for driving 71 mph in a 55-mph speed zone. The Clayton County Solicitor-General filed an accusation in the Traffic Violations Division of the Clayton County State Court charging Miller-Roy with a single count of speeding.

Through trial counsel, now counsel on appeal, Miller-Roy and a co-defendant not involved in this appeal attempted to waive arraignment and plead not guilty by letter to the traffic court, dated June 27, 2001. Such letter also "confirmed" that trial on the speeding charge was set for July 24, 2001. By his brief on appeal and for reasons he does not explain, counsel for Miller-Roy avers that Miller-Roy appeared without counsel in traffic court on July 24 prepared to be arraigned alone; that the trial court informed Miller-Roy she was to be tried on that date; that the trial court denied her request for a continuance to "retain" counsel; and that a bench trial then followed, resulting in her conviction and the imposition of a $150 fine. Miller-Roy apparently chose not to have the proceedings taken down.

On appeal, Miller-Roy contends that the trial court erred by "making [her] proceed in her traffic bench trial without informing her of her right to proceed with an attorney and the significant consequences of proceeding *pro se.*" (Emphasis supplied.) Because Miller-Roy was not entitled to counsel before the traffic court, we affirm.

Although the right to counsel extends to misdemeanor prosecutions where imprisonment may result (*Argersinger v. Hamlin,* 407 U. S. 25 (92 SC 2006, 32 LE2d 530) (1972)), our Supreme Court has interpreted *Argersinger* as requiring that a defendant in a misdemeanor criminal prosecution be

entitled to counsel only where the defendant is sentenced to actual imprisonment. *Brawner v. State*, 250 Ga. 125 (2) (296 SE2d 551) (1982); *Johnston v. State*, 236 Ga. 370 (3) (223 SE2d 808) (1976); see also *Sams v. State*, 162 Ga. App. 118 (1) (290 SE2d 321) (1982). [Cit.]

*Barnes v. State*, 250 Ga. App. 276 (549 SE2d 495) (2001). Tried in traffic court, Miller-Roy was not subjected to a misdemeanor prosecution. See OCGA § 40-13-60 ("Any traffic violation under the jurisdiction of the traffic violations bureau shall . . . not be [characterized] as a misdemeanor."); see also OCGA § 40-6-1 (a) ("It is unlawful and, unless otherwise declared in this chapter with respect to particular offenses, it is a misdemeanor for any person to do any act forbidden or fail to perform any act required in this chapter."). Even had she been subjected to such a prosecution, her sentence was simply to a fine, foreclosing any issue as to her actual imprisonment. Under these circumstances, Miller-Roy was not entitled to counsel. *Barnes v. State*, supra. Consequently, her claim that her conviction must be reversed for failure of the traffic court to find a valid waiver of the right to counsel on the record is without merit.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED MAY 30, 2002.

*Saia & Richardson, Joseph J. Saia*, for appellant.
*Keith C. Martin, Solicitor-General*, for appellee.