A02A1631. JACKSON v. THE STATE.
(572 SE2d 60)

MILLER, Judge.

On July 4, 2001, a Georgia State Trooper was operating his laser speed detection device by the interstate highway in the City of Atlanta. The trooper noticed a Corvette traveling at what he visually

---

estimated to be a speed of 90 mph and aimed his laser at the vehicle, which device gave a digital readout of 90 mph. The trooper stopped the Corvette, which was driven by Glenn Jackson, and issued him a traffic citation. After a bench trial, Jackson was found guilty of driving 90 mph in a 55-mph zone and fined $325. He appeals, and we affirm for the reasons set forth below.

1. Jackson claims that the trial court erred by failing to ascertain on the record whether there was a knowing waiver by Jackson of his right to counsel. He relies on authority which includes *Faretta v. California*, 422 U. S. 806 (95 SC 2525, 45 LE2d 562) (1975), and *Clarke v. Zant*, 247 Ga. 194 (275 SE2d 49) (1981). However, only a sentence of actual imprisonment or a suspended or probated sentence to imprisonment triggers the constitutional right to counsel. *Alabama v. Shelton*, 535 U. S. 654 (122 SC 1764, 1776, 152 LE2d 888) (2002); *Argersinger v. Hamlin*, 407 U. S. 25, 37 (92 SC 2006, 32 LE2d 530) (1972). The underlying concept is that only trials that end in the actual deprivation of a person's liberty require that the accused "receive the benefit of the guiding hand of counsel so necessary when one's liberty is in jeopardy." (Punctuation omitted.) *Argersinger*, supra, 407 U. S. at 40; see *Shelton*, supra, 122 SC at 1770. A court that ends up only fining a defendant has not placed that liberty in jeopardy and was therefore not required to appoint counsel for that defendant, even though the defendant was charged with a statutory offense for which imprisonment upon conviction was authorized. *Scott v. Illinois*, 440 U. S. 367, 369 (99 SC 1158, 59 LE2d 383) (1979).

Here the court imposed only a $325 fine against Jackson and did not impose any sentence of imprisonment, whether suspended, probated, in the alternative, or otherwise. Accordingly, Jackson's liberty is not in jeopardy. Since Jackson was not entitled to counsel, a failure by the trial court to find Jackson knowingly waived counsel is not grounds for reversal. See *Miller-Roy v. State*, 255 Ga. App. 575-576 (565 SE2d 899) (2002).

2. Jackson also claims the trial court erred by failing to permit him to cross-examine the trooper or present evidence in his own defense. The record shows otherwise. After the State presented its case, the assistant solicitor-general indicated that he had nothing further, but that the trooper was subject to redirect; the trial court told Jackson that he might speak. Jackson then complained to the court about information he had requested but not received from the solicitor-general's office and the Georgia State Patrol. The court told Jackson he could question the officer, but Jackson chose not to do so. He also invited Jackson to present testimony, but again Jackson did not do so. The record shows that Jackson pursued the issues that he wanted to pursue, and that the trial court in no way prevented Jackson from either cross-examining the trooper or presenting evidence.

A pro se defendant is responsible for complying with the procedural and substantive requirements of the law. See, e.g., *Cammon v. State*, 227 Ga. App. 774, 775 (2) (490 SE2d 529) (1997). It was not the responsibility of the trial court to direct Jackson's defense.

3. Jackson further claims that the trial court erred by allowing the State to effect a constructive amendment to the traffic citation after the issue was joined by allowing him to be prosecuted based on the trooper's visual estimation of his speed, as opposed to the results of the laser speed detection device. "The proof at trial must correspond with the allegations so that defendants are notified of the charges brought against them." *Dukes v. State*, 265 Ga. 422 (457 SE2d 556) (1995). We find no variance because the State proved the crime set forth in the traffic citation: violation of OCGA § 40-6-181 by driving 90 mph in a 55-mph zone. There is no variation between the traffic citation and the evidence presented at trial.

4. Jackson claims the trial court erred by failing to ascertain on the record that Jackson had waived his right to a trial by jury. The claim has no merit because the record shows that Jackson signed a waiver of his right to a jury trial. He initialed the statement "I am knowingly and willfully waiving my right to a jury trial," and signed below. We found a similar waiver to be sufficient in *Odum v. State*, 255 Ga. App. 70, 72-73 (3) (564 SE2d 490) (2002). Although a waiver in open court is preferred, it is not required. See *Whitaker v. State*, 244 Ga. App. 241, 244 (4) (535 SE2d 283) (2000). Under these circumstances, the record shows that Jackson personally, voluntarily, knowingly, and intelligently participated in the decision to waive a jury trial.

5. Finally, Jackson claims that there was insufficient evidence to support his conviction. We disagree. The trooper testified that he estimated Jackson's speed to be approximately 90 mph. A law enforcement officer's estimate of speed is sufficient to support a conviction on a speeding violation. See *Jackson v. State*, 223 Ga. App. 27, 28 (2) (477 SE2d 28) (1996).

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED OCTOBER 3, 2002.

*Alice C. Stewart*, for appellant.
*Joseph J. Drolet, Solicitor-General, Katherine Diamandis, Assistant Solicitor-General*, for appellee.