## A02A1439. McADAMS v. THE STATE.
(573 SE2d 501)

PHIPPS, Judge.

Ollie McAdams was convicted of driving with an unlawful blood alcohol concentration, attempting to elude a police officer, driving a motor vehicle without all equipment (tires) in good working order, and hit and run. He was given a sentence of 18 months imprisonment, fined, and ordered to perform community service. He moved for a new trial arguing, among other things, that he elected to represent himself at trial without having made a knowing and intelligent waiver of counsel. After a hearing, the trial court denied McAdams's motion for new trial. McAdams appeals. Because the record does not

---

establish that McAdams was provided with the information required for him to have made a valid waiver of counsel, we reverse.

The State introduced evidence at trial showing that on December 5, 2000, McAdams drove his car into the rear end of a United States Postal truck which was sitting still at a traffic light. When the truck driver got out to investigate, McAdams drove away. Cobb County Police Officer Asencio thereafter observed McAdams driving on a nearby street with a flat tire. Asencio testified that he attempted to effect a traffic stop, but McAdams sped up and made a right turn. McAdams, however, lost control of his car and hit another car also stopped at a traffic light. McAdams was apprehended at the scene and taken to a hospital. At the hospital, Asencio detected the odor of an alcoholic beverage on McAdams, gave him an implied consent warning, and obtained his consent to administration of blood and urine tests. His blood alcohol level was 0.18 grams.

1. When McAdams's case was tried, whether a defendant in a misdemeanor criminal prosecution had a constitutional right to counsel depended on whether he was sentenced to actual imprisonment.[1] McAdams was sentenced to 18 months confinement. "[W]here a defendant with a constitutional right to counsel proceeds pro se, the State must show that he was made aware of the dangers of self-representation and nevertheless made a knowing and intelligent waiver of counsel."[2] The State bears the "heavy burden"[3] of showing, through either a trial transcript or other extrinsic evidence,[4]

> that the accused understood (1) the nature of the charges against him, (2) any statutory lesser included offenses, (3) the range of possible punishments for the charges, (4) possible defenses, (5) mitigating circumstances, and (6) any other facts necessary for a broad understanding of the matter. Otherwise, there is no valid waiver.[5]

The State has failed to carry this burden. Although prior to trial McAdams signed forms waiving his right to counsel, the forms contained no warnings of any of the dangers of proceeding pro se.

---

[1] *Miller-Roy v. State*, 255 Ga. App. 575 (565 SE2d 899) (2002), and cits. Subsequent to McAdams's trial, the United States Supreme Court has held that, under the Sixth Amendment, a suspended or probated sentence that may end up in actual imprisonment may not be imposed unless the defendant was accorded the guiding hand of counsel. *Alabama v. Shelton*, 535 U. S. 654 (122 SC 1764, 152 LE2d 888) (2002).

[2] (Footnote omitted.) *McCants v. State*, 255 Ga. App. 133, 134 (1) (564 SE2d 532) (2002).

[3] Id.

[4] Id.; *Middleton v. State*, 254 Ga. App. 648 (563 SE2d 543) (2002).

[5] *Humphries v. State*, 255 Ga. App. 349, 351 (1) (565 SE2d 558) (2002).

In order for the State to use a pretrial waiver form to show that a defendant has intelligently elected to represent himself (at trial) after being advised of his right to counsel and the "dangers" of waiver, the form should outline those pertinent dangers: such as (1) the possibility of a jail sentence; (2) the rules of evidence will be enforced; (3) strategic decisions with regard to voir dire and the striking of jurors must be made by defendant; (4) strategic decisions as to the calling of witnesses and/or the right to testify must be made by defendant; and (5) issues must be properly preserved and transcribed in order to raise them on appeal. . . .[6]

Although the trial judge stated at the hearing on McAdams's motion for new trial that McAdams insisted upon representing himself despite strenuous efforts by the judge to appoint an attorney to represent him, the judge gave no indication that he provided McAdams with the information which a criminal defendant must be given to make a knowing and intelligent waiver of counsel.[7] The trial judge is not required to engage in a protracted argument with a defendant about whether he or she should proceed pro se. But the trial judge is required to take the few minutes necessary, preferably on the record, to give a defendant sufficient information and guidance for him or her to make a voluntary, knowing, and intelligent decision about whether to proceed pro se.[8] The State introduced no evidence at the hearing to show that McAdams was provided with such information. Nor does the trial transcript show that such information was provided. With no trial transcript or other extrinsic evidence showing a valid waiver of counsel, we must reverse and remand for a new trial.

2. We reject the State's argument that depriving McAdams of his fundamental constitutional right to counsel was harmless error.[9]

The Supreme Court of Georgia has recently recognized in *State v. Wooten*[10] that, under the decision of the United States Supreme Court in *Arizona v. Fulminante*,[11] constitutional errors that are not subject to harmless error analysis include structural defects affecting the framework within which the trial proceeds, such as total deprivation of the right to trial counsel. Moreover, the transcript of McAdams's trial reflects that at trial he failed to object to prejudicial hear-

---

[6] (Footnote omitted.) *Tucci v. State*, 255 Ga. App. 474, 476-477 (1) (565 SE2d 831) (2002).

[7] See also *Spears v. State*, 247 Ga. App. 626 (545 SE2d 36) (2001); compare *Dunn v. State*, 234 Ga. App. 623, 625 (3) (507 SE2d 170) (1998).

[8] *Middleton*, supra.

[9] See *Tucci*, supra at 477 (2); *Humphries*, supra.

[10] 273 Ga. 529, 532 (2), n. 14 (543 SE2d 721) (2001).

[11] 499 U. S. 279 (111 SC 1246, 113 LE2d 302) (1991).

say from an investigating police officer; attempted to voir dire a State's expert witness as to her qualifications, but was unable to do so because he did not know how; failed to object to admission of his prior DUI conviction in aggravation of punishment, even though the State had not given him pretrial notice that such evidence would be utilized; and allowed prosecution witnesses to be excused after testifying on behalf of the State, thereby precluding him from calling these witnesses to testify during the presentation of evidence by the defense. Denial of McAdams's right to counsel cannot be held harmless.

3. McAdams's remaining claims of error are moot.

*Judgment reversed. Andrews, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 1, 2002.

*O'Brien & Koontz, Dennis C. O'Brien,* for appellant.
*Barry E. Morgan, Solicitor-General, Thomas E. Griner, Assistant Solicitor-General,* for appellee.