## A02A2059. BANKS v. THE STATE.
(580 SE2d 308)

BARNES, Judge.

George Banks appeals his convictions of one count of aggravated assault with a knife, one count of aggravated assault with his feet and fists, and one count of false imprisonment.[1] Although counsel was appointed for Banks, before trial Banks discharged his appointed counsel and retained his own defense counsel. Then, shortly before the trial began, he discharged his retained counsel and elected to represent himself. The trial court permitted Banks to represent himself at trial. After the jury found him guilty and his motion for new trial was denied, he filed this appeal.

On appeal, Banks alleges the trial court erred by allowing him to represent himself at trial without ensuring that he had properly waived his right to counsel, by charging the jury improperly, by refusing to allow Banks to introduce certain medical evidence, and by

---

[1] Although he was also tried for one count of aggravated sodomy, the jury could not reach a verdict on that count, and the trial court declared a mistrial.

denying his motion for new trial because both his appointed and retained defense counsel failed to provide him with effective assistance. He further alleges that the evidence does not support the verdict. Because we agree that the trial court did not obtain a proper waiver of Banks's right to be represented by counsel, we must reverse his convictions.

1. Nevertheless, we must first address Banks's contention that the evidence was not sufficient to sustain his conviction. On appeal the evidence must be viewed in the light most favorable to the verdict, the appellant no longer enjoys the presumption of innocence, and the appellate court determines the sufficiency of the evidence and does not weigh the evidence or judge the credibility of the witnesses. *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990).

Viewed in that manner, the evidence shows that when the police investigated a complaint about an assault in progress, they found Banks's live-in girlfriend on the floor crying and holding her side. She later testified that Banks threatened her with knives, and hit and kicked her. The police found two knives in Banks's motel room. Also, a police officer testified that the victim had a bruise on her body and was having a hard time breathing.

Thus, having reviewed the evidence in the light most favorable to the jury's verdict, we find that a rational trier of fact could have found beyond a reasonable doubt that Banks was guilty of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court erred by allowing Banks to represent himself at trial without ensuring that he had knowingly, intelligently, freely, and voluntarily waived his right to counsel.[2]

> Although a criminal defendant has a Sixth Amendment right to assistance of counsel at trial, the defendant also has a right to waive the right to counsel and represent himself when he voluntarily and intelligently elects to do so. *Clarke v. Zant*, 247 Ga. 194 (275 SE2d 49) (1981). Whether there has been a valid waiver of counsel depends on the particular circumstances of each case including the background, experience, and conduct of the defendant. Id. at 196.

*Ross v. State*, 258 Ga. App. 346-347 (574 SE2d 406) (2002). To estab-

---

[2] Although the order denying Banks's motion for a new trial recites findings about Banks's waiver of his right to counsel, that is not the proper time for the trial court to make these findings. Further, the order, submitted by the district attorney's office, does not reflect the actual events at trial.

lish a valid waiver of counsel, however, "requires more than a showing of a knowledge of right to counsel; there must also be evidence of relinquishment of this right." (Punctuation and emphasis omitted.) *Godlewski v. State*, 256 Ga. App. 35, 36 (567 SE2d 704) (2002).

> Although no particular questions are required as evidence of this waiver, the record must reflect that the defendant was made aware of the dangers of self-representation, and nevertheless made a knowing and intelligent waiver. The State may carry this burden by showing a valid waiver through either a trial transcript or other extrinsic evidence.

(Citation and punctuation omitted.) Id. The State has the burden of establishing that the defendant received "sufficient information and guidance from the trial court" to make a knowing and intelligent waiver of counsel. *Hamilton v. State*, 233 Ga. App. 463, 467 (1) (504 SE2d 236) (1998).

The transcript shows that at the opening of the trial, Banks moved to be allowed to represent himself. After allowing the defendant to state the theory of his defense, the court stated to him,

> THE COURT: Look, I think, Mr. Banks . . . that what you are doing is reckless conduct. Now, having said that . . . you choose your own poison. . . . I find that out of my almost going on the back side of 25 years, approaching 30 years, of dealings and experience in this arena of law, in criminal law, that oftentimes the reason why people wind up in this process is that they have — they think more highly of their thought processes than they ought to. In other words, they feel they are so smart that they outsmart themselves. . . . Well, I'm just telling you. You have someone representing you in what is undeniably a technical maze who has been trained at one of the better schools in the area to do it, to work through the maze. Got impeccable academic credentials. Holds a Ph.D. as well as a juris doctorate. Now, you can do better than him, huh?
> BANKS: Your honor, if I can say, I'm not saying that, your honor. See, it's grounds — the reason why, as Mr. Taylor stated, we filed a motion for co-counsel. I did research on that and the State has more grounds to kill that because —.
> THE COURT: You did the research on it?
> BANKS: Yes, sir.
> THE COURT: See that's the point I'm saying. Go ahead.
> BANKS: I'm saying it's common sense, read the papers and see what the grounds are. I'm not trying to say I know every-

thing. I'm not doing that. I know I have a constitutional right to the 6th Amendment, I can defend myself. I can cross-examine and call witnesses. That's what I'm saying, but the issue was *Jackson v. The State.*

THE COURT: But you cannot make a mockery out of this process —.

BANKS: I'm not trying to, your honor. I'm trying not to.

THE COURT: In the process of doing that and it's in the court's discretion.

BANKS: I'm trying to get a fair trial. The burden of proof has already been shifted in this case. It's already been shifted in this case, your honor.

THE COURT: And let me tell you in the process of what I'm saying, you can't make a mockery out of this process and an illustration of that is where we have been going around in circles up to this point. That clearly illustrates you don't know what you're doing.

BANKS: Well, your honor, the point, the biggest thing is — I'm not saying, your honor — I respect, you know, I seek to know the truth about the matter of this case, you know, and I respect that y'all all know it and I respect the fact that you and Mr. Taylor, y'all both spoke in there, you know, know each other, he's teaching your wife, that's one point I was using on the conflict, you see what I'm saying, in the matter of him. And the other conflict point that I am going to make is that I am going to call him as a witness in my defense and, you know, so the point I am trying to get to, your honor, is that I'm not trying to make a mockery of this courtroom. I'm just trying to get due process which is guaranteed to me. That's all, your honor. That's all.

THE COURT: But due process, due process has a formal avenue to reaching it and you don't, I would submit to you, you don't have an appreciation for that formal roadway. Due process is not your unfettered opportunity to do whatever you want to in this courtroom in the face of flying against evidentiary rules and other legal principles. You cannot in the name of due process come in here and just do whatever you want.

BANKS: I'm not going to try to attempt to do that, your honor. I proved that during the process of a hearing in this courtroom. I proved that, you know, but that's another issue. The point I'm making right now, your honor, is that the issue of the misconduct on the part of [the assistant district attorney] was that that issue on the hepatitis. Then, you know, after we notified of this, they —.

THE COURT: And stop interrupting me.

BANKS: Yes, sir, your honor.

THE COURT: Now you come back — see, that's what I'm talking about. You're out of control.

BANKS: Yes, your honor, sir.

THE COURT: You are out of control.

BANKS: If you will let me complete what I was saying.

THE COURT: You let me finish.

BANKS: Yes, sir, your honor.

THE COURT: Now he comes in and makes the claim, uses — now that it's been confirmed that he's got it, now he makes the claim that there has been a conspiracy or prosecutorial misconduct because you didn't tell him about it or something to that effect. Okay. I've just about heard enough of this matter. I'm going to let him go on and represent himself. Mr. Taylor, you will sit.

BANKS: May I just address one issue?

THE COURT: See, there he goes again. You will sit with him for consultation.

MR. TAYLOR: Yes, sir.

THE COURT: Now, I say this again, Mr. Banks, a hint to the wise is sufficient. Okay.

Based on this transcript, we find that the State has not carried its heavy burden of showing that Banks made a knowing and intelligent waiver of his right to counsel. In this State, when

a defendant with a constitutional right to counsel proceeds pro se, the State must show that he was made aware of the dangers of self-representation and nevertheless made a knowing and intelligent waiver of counsel. The State bears the "heavy burden" of showing, through either a trial transcript or other extrinsic evidence, that the accused understood (1) the nature of the charges against him, (2) any statutory lesser included offenses, (3) the range of possible punishments for the charges, (4) possible defenses, (5) mitigating circumstances, and (6) any other facts necessary for a broad understanding of the matter. Otherwise, there is no valid waiver.

(Punctuation and footnotes omitted.) *McAdams v. State*, 258 Ga. App. 250, 251 (1) (573 SE2d 501) (2002).

The record before us does not disclose that Banks was made aware of these factors. Further, although no magic language must be used, *Clarke v. Zant*, supra, 247 Ga. at 197, our Supreme Court has

held that the record should reflect a finding by the trial court that the defendant has validly chosen to proceed pro se, and the record should also show that this choice was made after the defendant was made aware of his right to counsel and the dangers of proceeding without counsel. No such findings were made in this case.

Further, the waiver of the right to counsel, like the waiver of the right to trial, requires a careful inquiry by the court. See *Nichols v. State*, 253 Ga. App. 512, 513-514 (1) (559 SE2d 538) (2002) (waiver of jury trial affirmed on appeal where record from plea hearing revealed a careful inquiry addressing fully the implication of such waiver). Therefore, although not required by the decisions of our Supreme Court, we believe that the best way to ensure that a defendant fully appreciates the right he has chosen to relinquish, and that trial judges fully understand their duty in this process, is for the trial court to address each factor, individually, and on the record. By so doing, a trial court can likely avoid the time and expense of another trial. See Presiding Judge Ruffin's special concurrence in *Manning v. State*, 260 Ga. App. 171, 173 (581 SE2d 290) (2003). "Further, absent some special circumstance arising after the initial decision to proceed without counsel, once a defendant validly has elected self-representation, the trial can proceed without additional warnings or advice on this subject." *Holt v. State*, 244 Ga. App. 341, 343-344 (1) (535 SE2d 514) (2000).

We cannot find that this error was harmless in this case. The State has not made such an argument, and our Supreme Court recognized in *State v. Wooten*, 273 Ga. 529, 532 (2), n. 14 (543 SE2d 721) (2001), that,

> under the decision of the United States Supreme Court in *Arizona v. Fulminante*, [499 U. S. 279 (111 SC 1246, 113 LE2d 302) (1991),] constitutional errors that are not subject to harmless error analysis include structural defects affecting the framework within which the trial proceeds, such as total deprivation of the right to trial counsel.

*McAdams v. State*, supra, 258 Ga. App. at 252 (2). Further, our Supreme Court has held that "reversal and remand is the appropriate remedy for violations of this constitutional right." *Fortson v. State*, 272 Ga. 457, 461 (2) (532 SE2d 102) (2000).

Here, Banks presented a confused and convoluted defense, and his unfamiliarity with the rules of evidence limited his ability to defend himself. *Tucci v. State*, 255 Ga. App. 474, 477 (2) (565 SE2d 831) (2002) (ignorance of rules of evidence harmed defense); *Humphries v. State*, 255 Ga. App. 349, 351 (1) (565 SE2d 558) (2002) (defendant was disorganized and confused); *Prater v. State*, 220 Ga.

App. 506, 509 (469 SE2d 780) (1996) (defendant "confused, disorganized, and ill-equipped for handling the case" and inadequately warned beforehand of these dangers). Therefore, we cannot find that the error was harmless.

Accordingly, we must reverse the trial court and remand the case to the trial court for a new trial. At the new trial, Banks "may choose to be represented by counsel or to waive his right to counsel and defend himself — after being made aware of the dangers of proceeding without counsel." *Ross v. State*, supra, 258 Ga. App. at 347.

3. Because we have reversed his conviction, Banks's remaining enumerations of error are moot.

*Judgment reversed. Ruffin, P. J., and Adams, J., concur.*

DECIDED MARCH 25, 2003 — ▮▮▮▮▮▮▮▮

*Lohmeier & Lohmeier, Gregory J. Lohmeier*, for appellant.
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.

