## A03A0328. MERRITT v. THE STATE.
### (583 SE2d 283)

MILLER, Judge.

Stacy Merritt was sworn in as a member of a grand jury but appeared for only three of the eighteen sessions. Merritt represented himself at a "show cause" hearing on whether he should be held in contempt. The court found him in contempt and sentenced him to two days imprisonment. Merritt appeals, claiming that the court failed to apprise him of the dangers of self-representation and to obtain from him a knowing waiver of the right to counsel. We agree and reverse.

In July 2002, Merritt was sworn in as a member of the Fulton County grand jury and was elected its assistant foreperson. Due to his desire to earn money from his summer internship, Merritt over the next two months attended only three of the eighteen grand jury sessions, despite repeated reminders and notices. The court ordered Merritt to appear and show cause why he should not be held in contempt.

At the hearing, Merritt represented himself. The court did not inquire into or discuss Merritt's desire to have counsel, whether appointed or retained. Nor is there any evidence in the record that Merritt signed a waiver of counsel form. Following the testimony of the State's second witness, Merritt asked the court what type of trial this was and whether he should have an attorney. The court informed him that he could have an attorney and that he faced possible incarceration whether he had an attorney or not. Merritt responded that he thought he would be fine and proceeded with cross-examining the witness. At no point did the court warn Merritt of the dangers or risks of self-representation nor obtain from him an express waiver of the right to counsel. At the conclusion of the hearing, the court found Merritt in contempt and sentenced him to a weekend of imprisonment. Claiming indigence, Merritt appealed and obtained a supersedeas bond. He argues that the court failed to apprise him of the dangers of self-representation or to obtain from him a knowing waiver of his right to counsel.

The federal constitution guarantees the right to counsel to an accused in any prosecution that results in a sentence of actual imprisonment or in a suspended or probated sentence to imprisonment. *Jackson v. State*, 257 Ga. App. 715, 716 (1) (572 SE2d 60) (2002); see *Alabama v. Shelton*, 535 U. S. 654 (122 SC 1764, 1776, 152 LE2d 888) (2002); *Argersinger v. Hamlin*, 407 U. S. 25, 37 (92 SC 2006, 32 LE2d 530) (1972). The Supreme Court of Georgia recently reiterated that "absent a knowing and intelligent waiver, no indigent person may be imprisoned for any offense, or sentenced to a probated or suspended prison term, unless he was represented by counsel at his trial." *Barnes v. State*, 275 Ga. 499, 501 (2) (570 SE2d 277) (2002). This applies to a contempt hearing that, as here, results in a sentence of imprisonment. *Mann v. Hendrian*, 871 F2d 51, 52 (7th Cir. 1989); *Walker v. McLain*, 768 F2d 1181, 1185 (10th Cir. 1985).

Although the accused may waive this right, "such waiver must be made knowingly, intelligently, and voluntarily. See *Clarke v. Zant*, 247 Ga. 194, 195 (275 SE2d 49) (1981)." *Humphries v. State*, 255 Ga. App. 349, 350 (1) (565 SE2d 558) (2002). The court need not use any "magic words" to determine if a valid waiver was made, but the State has the burden of showing from the record that the defendant understood

> (1) the nature of the charges against him, (2) any statutory lesser included offenses, (3) the range of possible punishments for the charges, (4) possible defenses, (5) mitigating circumstances, and (6) any other facts necessary for a broad understanding of the matter. *Otherwise, there is no valid waiver.* The trial judge must investigate as long and as thor-

oughly as the circumstances of the case demand to establish a valid waiver. [Cit.]

(Emphasis supplied.) *Humphries*, supra, 255 Ga. App. at 351 (1); accord *Middleton v. State*, 254 Ga. App. 648 (1) (563 SE2d 543) (2002); see *Wayne v. State*, 269 Ga. 36, 38 (2) (495 SE2d 34) (1998) (the record must reflect that the accused "was made aware of the dangers of self-representation and nevertheless made a knowing and intelligent waiver. [Cit.]"); *McCants v. State*, 255 Ga. App. 133, 134 (1) (564 SE2d 532) (2002) (waiver cannot be presumed from a silent record).

Here nothing in the record reflects any effort by the trial court to inform Merritt of the dangers of self-representation. To the contrary, the issue of representation was not even raised until mid-trial, and even then it was raised by the accused, not the court. The court responded by confirming Merritt's right to counsel and mentioning that incarceration was a possible sentence, but it made no attempt to explain the risks of self-representation nor to inquire whether Merritt desired to waive the right to counsel. Merritt simply responded that he thought he would be fine. Such a vague colloquy does not satisfy the constitutional requirements set forth above and requires a reversal of the contempt order and a remand of the case for a new trial. See *McAdams v. State*, 258 Ga. App. 250, 251-252 (1) (573 SE2d 501) (2002); *Humphries*, supra, 255 Ga. App. at 351 (1); *Raines v. State*, 242 Ga. App. 727, 729-730 (1) (531 SE2d 158) (2000).

*Judgment reversed and case remanded. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED JUNE 11, 2003.

*Steven E. Phillips*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Elizabeth A. Baker, Assistant District Attorneys*, for appellee.