A03A1202. THE STATE v. PINKERTON.
(586 SE2d 743)

MILLER, Judge.

The State charged Demetrice Pinkerton with furnishing harmful materials to minors (a misdemeanor). At arraignment Pinkerton waived his right to counsel so he could speak with the prosecutor about a plea bargain. During his unsuccessful conversation with the prosecutor, Pinkerton made damaging admissions. At trial he moved to exclude those admissions on the ground that the trial court did not give him the warnings necessary to make a knowing waiver of coun-

sel at arraignment. The court conducted an evidentiary hearing and granted the motion. The State appeals, arguing that the warning sufficed for the purposes of speaking to the prosecutor. We disagree and affirm.

The facts here are undisputed. Thus, the trial court's application of the law to the facts is subject to de novo appellate review. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

The State accused Pinkerton of the misdemeanor of furnishing harmful materials to minors. See OCGA § 16-12-103 (a). Before Pinkerton entered a plea at the arraignment hearing, the court informed Pinkerton that he had the right to be represented by counsel and that if he could not afford a lawyer, the court would appoint him one at no charge. The court further informed him that if he freely and voluntarily waived his right to a lawyer and elected to represent himself, he could speak with the solicitor-general with the understanding that anything he said to the solicitor-general could be used against him at trial. The court made no other statements, inquiries, or warnings. Pinkerton agreed to waive his right to counsel and spoke with the solicitor-general.

During his conversation with the solicitor-general, Pinkerton admitted that he sent an obscene photo over the Internet to someone, but that he did not know the recipient was a minor. When plea negotiations broke down, Pinkerton requested an attorney and the conversation ceased. Pinkerton's attorney later moved to exclude the statements made to the solicitor-general, arguing that Pinkerton had not received the warnings required to render his waiver of counsel valid. The trial court found that Pinkerton freely and voluntarily waived his right to counsel, but that he did not do so knowingly since the court had failed to give him sufficient warnings. Accordingly, the court granted the motion and excluded the admissions. The State appeals.

1. The Georgia Constitution requires that a person accused of a crime, whether misdemeanor or felony, has a constitutional right to be defended by retained counsel of his choosing. *Barnes v. State*, 275 Ga. 499, 501 (1) (570 SE2d 277) (2002); see Ga. Const. of 1983, Art. I, Sec. I, Par. XIV; *Godlewski v. State*, 256 Ga. App. 35-36 (567 SE2d 704) (2002). The right attaches at the pleading stage of the criminal process and extends to arraignment. *Ledford v. State*, 247 Ga. App. 885, 886 (545 SE2d 396) (2001). "Because arraignment is a critical stage in a criminal prosecution, the judge must determine, at arraignment, whether an unrepresented defendant is making a knowing and voluntary waiver of the right to counsel and whether the proceedings should be delayed to allow the defendant to seek appointed or retained representation." Id. at 887.

To make this determination, the court must do more than simply

inform defendant of his right to counsel; the court must give the defendant sufficient information and guidance for him to make a voluntary, knowing, and intelligent decision about whether to proceed pro se. See *McAdams v. State*, 258 Ga. App. 250, 252 (1) (573 SE2d 501) (2002). The accused should understand, for example, the nature of the charges against him, any statutory lesser included offenses, the range of possible punishments for the charges, possible defenses, mitigating circumstances, and any other facts necessary for a broad understanding of the matter. Id. at 251 (1). "Otherwise, there is no valid waiver." (Footnote omitted.) Id.

Here the court informed Pinkerton of some *Miranda* rights: he was entitled to an attorney, an attorney would be appointed free of charge if he could not afford one, and anything he said could be used against him. Such is insufficient to give the warnings required for a defendant to waive retained counsel at arraignment. See *Middleton v. State*, 254 Ga. App. 648, 650 (1) (563 SE2d 543) (2002). Accordingly, the court correctly found that Pinkerton's waiver of his right to retained counsel was invalid.

2. Where the right to counsel on a matter is not validly waived, a pro se defendant's subsequent extrajudicial confrontations with government agents on that matter cannot be used against him. *Massiah v. United States*, 377 U. S. 201, 207 (84 SC 1199, 12 LE2d 246) (1964); see *Ross v. State*, 254 Ga. 22, 26-27 (3) (b) (326 SE2d 194) (1985). Thus, the trial court did not err in granting Pinkerton's motion to exclude the statements made to the solicitor-general.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED AUGUST 22, 2003.

*Steven L. Harris, Solicitor-General, Lura H. Landis, Assistant Solicitor-General*, for appellant.

*Walter M. Chapman*, for appellee.