## A04A1833. DELLINGER v. THE STATE.
(605 SE2d 632)

ANDREWS, Presiding Judge.

Terry Lee Dellinger, convicted at a bench trial of failure to yield when entering a roadway, OCGA § 40-6-73, appeals, contesting the sufficiency of the evidence and contending that he did not knowingly and voluntarily waive his rights to counsel and a jury trial. Finding no error, we affirm.

1. We first consider Dellinger's third enumeration, challenging the legal sufficiency of the evidence.

OCGA § 40-6-73 provides that the driver of a vehicle "about to enter . . . a roadway from any place other than another roadway shall yield the right of way to all vehicles approaching on the roadway to be entered. . . ."

On appeal, we view the evidence in the light most favorable to the findings of the trial judge, sitting as the factfinder. *Escutia v. State*, 277 Ga. 400, 402 (2) (589 SE2d 66) (2003). So viewed, the evidence was that Chunn was driving his Dodge Caravan on Parsons Street in Atlanta and Kidd was his passenger. Parsons is a two-way street without a painted line divider. Dellinger, who had been working on a house in the area for some time, was leaving work in his Dodge Dakota. As was his usual practice, he proceeded up Parsons Street and made a U-turn. After turning, he was behind a car parked on the curb. As Chunn approached, Dellinger pulled out to his left into the lane of travel and struck Chunn's Caravan in the right front fender.

The evidence was legally sufficient. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see *Munday v. Brissette*, 113 Ga. App. 147, 160 (10) (148 SE2d 55) (1966), rev'd on other grounds, *Brissette v. Munday*, 222 Ga. 162 (149 SE2d 110) (1966).

2. Dellinger's remaining enumerations deal with waiver of his rights to counsel and a jury trial.

(a) "The determination of whether a defendant has intelligently waived his constitutional right to counsel depends upon the particular facts and circumstances surrounding each case." *Smiley v. State*, 252 Ga. App. 235, 236 (2) (555 SE2d 887) (2001). Generally, to validly waive the right to counsel, the defendant should apprehend "(1) the nature of the charges against him, (2) any statutory lesser included offenses, (3) the range of possible punishments for the charges, (4) possible defenses, (5) mitigating circumstances, and (6) any other facts necessary for a broad understanding of the matter." *McAdams v. State*, 258 Ga. App. 250, 251 (1) (573 SE2d 501) (2002). See *Banks v. State*, 260 Ga. App. 515, 519 (2) (580 SE2d 308) (2003).

Pre-trial waiver forms should also outline pertinent dangers

such as (1) the possibility of a jail sentence; (2) the rules of evidence will be enforced; (3) strategic decisions with regard to voir dire and the striking of jurors must be made by defendant; (4) strategic decisions as to the calling of witnesses and/or the right to testify must be made by defendant; and (5) issues must be properly preserved and transcribed in order to raise them on appeal.

*McAdams*, supra at 252 (1).

The citation here was issued on February 20, 2003. On March 13, 2003, Dellinger made his first appearance and signed the Affidavit for Pleading Not Guilty. Although there is no transcript of that proceeding before us, the Affidavit sets out in full the warnings set out above in *McAdams*, supra. See also *Tucci v. State*, 255 Ga. App. 474, 475 (1) (565 SE2d 831) (2002).

At the bottom of this form, in bold type, are the following statements, each separately initialed by Dellinger: "I am knowingly and willfully waiving my right to a jury trial. I have been informed of the dangers of proceeding without a lawyer. I am willing to proceed without a lawyer and I understand that I am waiving my right to have a lawyer represent me."

The trial judge found, as indicated on this form by her signature, that Dellinger knowingly and willfully waived his rights to counsel and a jury trial.

At the beginning of the trial on August 18, 2003, the trial judge, who also conducted Dellinger's first appearance, further advised Dellinger

understand by law, I'm obligated to inform you of the dangers of proceeding pro se; meaning, that it is dangerous for anyone to represent themselves in a criminal trial. If you choose to, I'll appoint an attorney to represent you at no cost to you. But, understand, if you decide to represent yourself, I will hold you to the same standards I hold any attorney to in proceeding in a trial. Do you understand this?

[Dellinger]: Yes, Your Honor.

The Court: Do you still want to represent yourself?

[Dellinger]: If I decide to get an attorney here today, will it be heard today?

The Court: Not likely. I don't know who would want to represent you who have [sic] not had time to prepare.

[Dellinger]: It's a simple case.

The Court: It does not matter. Understand, that's why I say it's better for folks to be represented by an attorney. The simple case that you think it is, it may not be. But, anyway,

I doubt that they would be able to represent you today.
[Dellinger]: Okay. Then I will proceed.
The Court: You're ready to go forward?
[Dellinger]: Yes, ma'am.

We find, from the record and transcript, that Dellinger was made aware of the dangers of self-representation but made a knowing and intelligent waiver of his right to counsel. *Jones v. State*, 272 Ga. 884, 886 (2) (536 SE2d 511) (2000); see also *Bush v. State*, 268 Ga. App. 200, 202-203 (601 SE2d 511) (2004).

(b) We also find that the record supports the trial court's finding of a knowing and voluntary waiver of Dellinger's right to trial by jury. *Jackson v. State*, 257 Ga. App. 715, 717 (4) (572 SE2d 60) (2002); see also *Stanley v. State*, 267 Ga. App. 379 (1) (599 SE2d 331) (2004); *Gardner v. State*, 261 Ga. App. 425, 426 (2) (582 SE2d 566) (2003).

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED OCTOBER 4, 2004.

*Tara D. Dickerson, Candace L. Byrd, Jackie G. Patterson*, for appellant.

*Joseph J. Drolet, Solicitor-General, James L. Yeargan, Jr., Assistant Solicitor-General*, for appellee.