S12A1130. THE STATE v. SOSA.
(733 SE2d 262)

HUNSTEIN, Chief Justice.

Daniel Sosa filed a petition for writ of habeas corpus contending that his attorney was ineffective for failing to advise him that his

guilty plea would subject him to removal or deportation. The State moved to dismiss the petition as untimely. The habeas court denied the motion and granted habeas relief on the ground that Sosa received ineffective assistance of counsel at his plea hearing in 2002. Because Sosa's habeas petition was untimely under the four-year statute of limitations in OCGA § 9-14-42, we reverse.

On May 9, 2002, Sosa entered a plea of guilty to child molestation in violation of OCGA § 16-6-4. He was sentenced to ten years on sexual offender probation, and his conviction became final after 30 days. See OCGA § 5-6-38 (a). At the time, he was a permanent resident of the United States; his wife and four children are citizens. In November 2010, Sosa was detained under the Immigration and Nationality Act as an immigrant who had committed an aggravated felony. See 8 USC § 1227 (a) (2) (A) (iii). He was deported a month later to Mexico.

Sosa filed his habeas corpus petition on January 12, 2012, challenging his conviction under the United States Supreme Court decision in *Padilla v. Kentucky*, 559 U. S. 356 (130 SC 1473, 176 LE2d 284) (2010). Specifically, he maintained that his attorney at the plea hearing was ineffective for failing to advise him of the effect that his guilty plea might have on his immigration status and, further, that he did not knowingly enter the guilty plea with the understanding that he was likely to be deported. In support of his petition, Sosa filed an affidavit stating that he was innocent of the charge and would have proceeded to trial had he known a guilty plea would affect his ability to remain in this country as a permanent resident. The State moved to dismiss the petition as time barred under the four-year statute of limitation in OCGA § 9-14-42 (c).

Denying the motion to dismiss, the habeas court found that Sosa's attorney did not remember advising Sosa that his guilty plea could result in his deportation, and the transcript of the guilty plea shows that the trial court did not advise him of the possibility. Based on these findings, the habeas court concluded that Sosa's attorney was deficient for failing to advise Sosa of the risk of deportation from his guilty plea and the attorney's deficient performance prejudiced Sosa because there is a reasonable probability he would not have pleaded guilty but for his attorney's errors. As a result, the habeas court granted relief and vacated Sosa's conviction. The State appeals.

1. Our habeas corpus statute provides for a period of limitations to seek a writ of habeas corpus in state court for the denial of a federal or state constitutional right. OCGA § 9-14-42 (c). In the case of a felony other than one involving a death sentence, any action must be

filed within four years from:

> (1) The judgment of conviction becoming final by the conclusion of direct review or the expiration of the time for seeking such review; provided, however, that any person whose conviction has become final as of July 1, 2004, regardless of the date of conviction, shall have . . . until July 1, 2008, in the case of a felony to bring an action pursuant to this Code section;
>
> . . .
>
> (3) The date on which the right asserted was initially recognized by the Supreme Court of the United States or the Supreme Court of Georgia, if that right was newly recognized by said courts and made retroactively applicable to cases on collateral review.

Id. (effective July 1, 2004).

In this case, Sosa's felony conviction was final prior to July 1, 2004, and he was required under subsection (c) (1) to bring his habeas action by July 1, 2008, unless the exception in subsection (c) (3) applies. To toll the statute of limitations under that exception, the right must be both newly recognized and made retroactively applicable to cases on collateral review. See *Alford v. State*, 287 Ga. 105 (695 SE2d 1) (2010) (applying new criminal procedural rule involving right to counsel retroactively to case on collateral review).

2. In *Padilla v. Kentucky*, the United States Supreme Court held that the Sixth Amendment right to effective assistance of counsel requires an attorney to inform a client when a guilty plea carries a risk of deportation. 559 U. S. at ___ (130 SC at 1486). Under *Padilla*, "a defendant who is not a United States citizen and can show that his lawyer did not adequately advise him of the risks of deportation resulting from his guilty plea" will establish deficient performance under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), but must still prove prejudice by showing that " 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " *Smith v. State*, 287 Ga. 391, 396 (2) (b) (697 SE2d 177) (2010) (citing *Hill v. Lockhart*, 474 U. S. 52, 59 (106 SC 366, 88 LE2d 203) (1985)).

The Supreme Court has granted certiorari to consider this term whether the *Padilla* rule applies retroactively to persons whose convictions became final before *Padilla* was decided. See *Chaidez v. United States*, 655 F3d 684 (7th Cir. 2011), cert. granted, ___ U. S. ___ (132 SC 2101, 182 LE2d 867) (2012). To determine whether a constitutional rule of criminal procedure applies retroactively to judgments

in criminal cases that are final before the new rule is announced, we apply the analysis set out in *Teague v. Lane,* 489 U. S. 288 (109 SC 1060, 103 LE2d 334) (1989). See *Alford,* 287 Ga. at 106.

Under *Teague,* a rule of criminal procedure applies to all cases on direct and collateral review if it is an old rule applied to new facts, but a new rule generally applies only to cases that are still on direct review unless it falls within one of two exceptions. *Whorton v. Bockting,* 549 U. S. 406, 416 (127 SC 1173, 167 LE2d 1) (2007). "A new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Id. (citations and punctuation omitted).

The federal and state appellate courts are split on whether *Padilla* applies retroactively to persons whose convictions became final before its announcement. Three federal courts of appeals and two state supreme courts have concluded that *Padilla* announced a new rule that does not apply on collateral review. *United States v. Amer,* 681 F3d 211, 214 (5th Cir. 2012); *United States v. Chang Hong,* 671 F3d 1147, 1155 (10th Cir. 2011); *Chaidez,* 655 F3d at 694; *Campos v. Minnesota,* 816 NW2d 480, 490 (Minn. 2012); *State v. Gaitan,* 37 A3d 1089, 1108 (N.J. 2012). In *Chaidez,* the Seventh Circuit Court of Appeals reasoned that the outcome in *Padilla* was susceptible to debate given the differing views expressed by the justices in the opinion; the pre-*Padilla* decisions in state and lower federal courts, which did not require defense counsel to provide advice regarding collateral consequences; and the "sufficiently novel" result in *Padilla* where the Court held that the Sixth Amendment requires a criminal defense attorney to provide advice about matters not directly related to a client's criminal prosecution. Id. at 689-693.

Assuming these cases are correct and *Padilla* announced a new rule, it does not fall within either exception for retroactive application under *Teague.* It is neither a change in substantive criminal law nor a watershed rule of criminal procedure. See *United States v. Mathur,* 685 F3d 396, 399 (4th Cir. 2012). In rejecting the argument that *Padilla* announced a watershed rule, the Eleventh Circuit concluded: "[W]e cannot say that *Padilla* has altered our understanding of bedrock procedural elements, given that the Court merely defined the contours of deficient and effective representation under *Strickland.*" *Figuereo-Sanchez v. United States,* 678 F3d 1203, 1208 (11th Cir. 2012) (citation omitted); see also *Perez v. State,* 816 NW2d 354, 359 (Iowa 2012) (no court has so far held the *Padilla* rule qualifies for the watershed exception).

Alternatively, the Third Circuit Court of Appeals and two state supreme courts have concluded that *Padilla* applies retroactively to

cases on collateral review because it did not announce a new rule. See *United States v. Orocio*, 645 F3d 630, 641 (3d Cir. 2011); *Commonweath v. Clarke*, 949 NE2d 892, 904 (Mass. 2011); *Denisyuk v. State*, 30 A3d 914, 923 (Md. 2011). These courts conclude that *Padilla* followed from the clearly established principles of the guarantee of effective assistance of counsel under *Strickland v. Washington* and therefore "broke no new ground in holding the duty to consult also extended to counsel's obligation to advise the defendant of the immigration consequences of a guilty plea." *Orocio*, 645 F3d at 639-640 (citation and punctuation omitted); see also *Clarke*, 949 NE2d at 903 (*Padilla* merely applies on a case-by-case basis the constitutional standard in *Strickland*); *Denisyuk*, 30 A3d at 925 (*Padilla* is the application of *Strickland* to a specific set of facts). Under these cases, the rule announced in *Padilla* applies retroactively, but it fails to meet the requirement of a newly recognized right.

We have previously declined to consider whether the holding in *Padilla* applies retroactively to convictions challenged in habeas corpus. See *Smith*, 287 Ga. at 404, n. 8. We again find it unnecessary to determine if *Padilla* should be given retroactive application to cases, like this one, on collateral review.

3. To prevail in this case, Sosa must show both that the rule in *Padilla* is newly recognized and that it applies retroactively to cases on collateral review. See OCGA § 9-14-42 (c) (3). Both federal and state courts have rejected similar claims based on comparable post-conviction relief statutes. See *Perez*, 816 NW2d at 361 (listing cases).

> Since *Padilla* was decided, many federal district courts have rejected efforts by defendants to thread the needle and argue at the same time that (1) *Padilla* has retroactive effect under *Teague* because it was dictated by earlier Supreme Court precedent and (2) *Padilla* involves a "newly recognized" right for federal habeas tolling purposes [under the federal habeas corpus statute]. . . . A few state courts have similarly rejected claims that *Padilla* constitutes both an old rule, eligible for retroactive application, and a new rule in the context of a postconviction relief statute of limitations.

Id. If *Padilla* established a new right, it does not apply retroactively to cases on collateral review; on the other hand, if *Padilla* applies retroactively, then it follows existing law and fails to meet the requirement of a newly recognized right under our statute of limitations. Because Sosa cannot show that he is entitled to relief based on a newly recognized right that is retroactively applicable to cases on

collateral review, we hold that his habeas petition is barred by the four-year statute of limitations period.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 15, 2012.

*Tom Durden, District Attorney, Ronald J. Poirier, Assistant District Attorney,* for appellant.

*Kimberly L. Copeland,* for appellee.